THE STATE ex rel. JOHN W. COPELAND v. GUSTAVUS A. WURDEMAN, Judge of Circuit Court.

In Banc, November 27, 1922.

1. **PROHIBITION: Motion for Judgment: Admission of Facts.** In prohibition wherein relator files a motion for judgment on the pleadings, facts pleaded in the return, when they conflict with those stated in the petition, are taken as the facts of the case.

2. **PRIMARY ELECTION: Election of Party Committeemen: Fraud: Examination of Ballots by Grand Jury.** The position or office of a party committeeman elected at a general primary election is a county office recognized by the law, and such general primary as to such committeemen is an election within the provisions of the Constitution, and such being true the ballots and returns cast for candidates for committeemen cannot be used by a grand jury in investigating fraud alleged to have been committed at said election, and that part of the act passed at the extra session of the Legislature in 1921 (Laws 1921, p. 70) declaring that "ballots cast at any primary election may be so used" is, as to the election of party committeemen, inapplicable.

3. ———: ———: ———: ———: **Dual Character of Primary Election.** The general primary held under the statute in the month of August is both a primary and an election. In so far as voters thereat nominate candidates for office it is a primary, but as to committeemen elected thereat it is an election. The Act of 1921, amending Section 5403, Revised Statutes 1919, and declaring that "the ballots cast in an election shall in no way be used, or any information disclosed, that would tend towards showing who voted any ballot, but ballots cast at any primary may be so used," forbids the use by the grand jury of ballots cast for committeemen at said August primary, for they are "ballots cast at an election."

Prohibition.

RULE MADE ABSOLUTE.

*Jos. C. McAtee* for relator.

(1)   The committeemen elected are public officers. State ex rel. Ponath v. Hamilton, 240 S. W. 440.   (2) Obedience of the orders as contained in said subpoenas would mean a violation of the provisions of Section 3, Article 8, of the Constitution.   (3)   The committeemen being public officers and having been elected with the same solemnity and force as officers at the general election held in November, cannot be affected by the new law, and manifestly the General Assembly was without power to enact legislation of the kind found in Section 5403 either in the repealed or new section.   State ex.rel. Feinstein v. Hartmann, 231 S. W. 92.   (4)   The original and repealed act (Section 5403) provides that the legal custodian of the ballots or ballot boxes may be summoned before grand jurors, or before a court of the State, and compelled to open the ballot boxes and disclose the ballots in investigations in trials, but provides that the ballots cast at the election shall in no way be used or any information disclosed that would tend towards showing who voted any ballot.   The new act specifically provides that ballots cast in a primary election may be so used.   (5)   It is provided in Section 4848, Revised Statutes 1919, that candidates for election as committeemen (not nomination) may file their declarations the same as candidates for nomination and that their names may be printed upon the ballots.   These candidates are elected at the primary election, and to permit the ballots electing them to be used and exhibited to the grand jury or in open court in the manner provided by the Act of 1921 would be to violate the provisions as to the secrecy of the ballot.   Ex parte Oppenstein, 233 S. W. 44.

State ex rel. Copeland v. Wurdeman.

*Jesse W. Barrett,* Attorney-General, *Randolph Laughlin* and *Amandus Brackman,* Special Assistants to the Attorney-General, and *Fred E. Mueller* for respondent.

(1) A primary election is regulated by the general law, and the constitutionl provisions regarding "elections" do not apply to the primary. State ex rel. Feinstein v. Hartmann, 231 S. W. 982; State ex rel. v. Taylor, 220 Mo. 630; State ex rel. v. Coburn, 260 Mo. 190. (2) The elections referred to in the Constitution (Sec. 3, Art. 8) are therein specifically designated as elections "by the people." The word "people" as used in the Constitution means the aggregate or mass of the individuals who constitute the State, and is used collectively. Solon v. State, 54 Tex. Cr. 261; City of Salena v. Blakesley, 72 Kan. 230. (3) The selection of a central committeeman by a political party is not an election by the people within the meaning of the Constitution. (4) A committeeman is not a public officer in the full sense of the term. State ex rel. Ponath v. Hamilton, 240 S. W. 445; Greenough v. Lucey, 28 R. I. 230; Attorney-General v. Barry, 74 W. H. 353. (5) The court had the right to order the production of the other documents mentioned in the subpoena at any time. The new statute conferred on the court the additional right to order the production of the ballots. The statute specifically provides that the ballots may be produced even though they tend to show who voted any ballot. Sec. 5403, Extra Session, Laws 1921, p. 70.

GRAVES, J.—Relator, who was one of the judges of election at the Wellston precinct in St. Louis County, Missouri, at the general state primary held on the 1st of August, 1922, brings this action in prohibition against Judge Gustavus A. Wurdeman, one of the judges of the Circuit Court for and within St. Louis County, to prohibit him from further proceeding with the enforcement of a certain *subpoena duces tecum,* issued by said Wurde-

man, for a grand jury,, then in session in his court, investigating alleged frauds in said primary. It is averred that two Democratic candidates for central committeemen, did, on August 12th, file with the canvassing board, affidavits, charging fraud and misconduct in the count and return of the votes of this said precinct, and others.

Relator was also a qualified voter in St. Louis County, as per the petition filed, and as such cast his vote in Wellston precinct aforesaid. He seeks to prohibit the execution of the *subpoena duces tecum* aforesaid, which was one calling for the production of "the ballot boxes and contents thereof, ballots voted, and returned as the ballots of the voters at the hereinafter mentioned election and the sack in which they are contained, tally sheets, poll books, and the official returns made by the judges and clerks of election in connection with the primary election held in the County of St. Louis, Missouri, on the said first day of August, 1922, in the following precincts of said county, to-wit." This is the character of the *subpoena duces tecum* as submitted by the respondent's return. It covers Wellston precinct, at which relator votes, and acted as judge of election. The said subpoena was directed to William Siebel, County Clerk, who had charge of the instruments called for by the subpoena. In the return the learned respondent says:

"Respondent admits that he is acting under authority of Section 5403 of Article 2, Chapter 34, as it appears in the Extra Session Acts 1921, page 70, but denies that said act is in violation of and contrary to the provisions of Section 28 of Article 4 of the Constitution of Missouri, and denies that said act is contrary to and in violation of the provisions of Section 9 of Article 5, and of Section 55 of Article 4, of the Constitution of the State of Missouri.

"Respondent admits that said act was passed at an extraordinary session of the Legislature of Missouri 1921, convened by proclamation of the Governor of the State of Missouri, but denies that the Governor did not

state specifically any matters justifying the passing of said act.

"Respondent for further return states that the subpoenas ordered to be issued by him as hereinbefore set out were legal and valid and were issued under the authority of Section 5403, Revised Statutes 1919, as it appears in Extra Session Laws 1921, page 70; that said act confers special authority and jurisdiction upon this respondent as judge of the circuit court to issue a *subpoena duces tecum* of the kind hereinbefore described; that said law was enacted at the extra session of the Legislature 1921 as aforesaid, was within the scope of the proclamation of the Governor of Missouri convening said Legislature into extra session, and is constitutional and valid.

"Respondent further states that since the making of the order heretofore issued herein respondent has refrained from action in the premises and stands ready to comply with any further orders made by this court.

"Wherefore, having made full returns to the order to show cause, respondent prays that the provisional rule in prohibition heretofore issued herein be dissolved, and, that respondent go hence with his costs."

The charge in the petition was that the issuance of the subpoena was violative of constitutional provisions, and that if issued under the Act of 1921, mentioned in the return, then such act violated the Constitution, in particulars named. The application avers that the learned circuit judge acted under the Act of 1921, supra, and this is admitted by the return. It stands conceded that county committeemen were elected and voted for in this primary election. As to such it is claimed that it was an election and not a primary.

For the purpose of an opinion, the foregoing general outline will suffice. Details both of pleadings and facts can well be left to the opinion.

I.   Relator having filed a motion for judgment on the pleadings, the facts pleaded in the return (where

they contravene those of the petition) stand as the facts of the case. In this case, however, it is not so much disputed facts, as it is contentions as to the law. The facts necessary are not in dispute. There were members of the county committee to be elected, and candidates for these places were upon the ballots sought to be brought before the grand jury by the process asked to be prohibited herein. Not only so, but such candidates were voted for at Wellston and the other precincts covered by the subpoena, and returns were made declaring the persons elected as members of the county committee. These positions or offices are recognized by the law, and we need not further define them. The particular committeemen mentioned in this action are those from Central Township, wherein by affidavits filed, it appears that Julia W. Billups and John Commerford were defeated for members of the Democratic County Committee, and Al G. Bruce and Frank Johnson were declared the elected members. This appears from affidavits filed before the canvassing board, copies of which are filed and made a part of the petition herein by reference and attachment thereto. However, the only purpose of these allegations in the petition is to show that the said primary election was more than a mere election to name candidates, but was (as to these committeemen) an election within the provisions of the Constitution.

II. From our quotation from the return it is admitted that respondent was acting under the Act of 1921 (special session) of date July 28, 1921. [Laws 1921, Extra Session, page 70.] This act undertook to repeal Section 5403, Revised Statutes 1919, and enact in lieu thereof a new section to be known as Section 5403. This new section reads:

"The legal custodians of the ballots or ballot boxes may be summoned before grand jurors, or before any court of record of the State, and compelled to open the ballot boxes and disclose the ballots in investigations

and trials: Provided, that the ballots cast in an election shall in no way be used, or any information disclosed, that would tend towards showing who voted any ballot; but, ballots cast in any primary election may be so used.''

It is the very last clause of this alleged new section upon which the contention of the *subpoena duces tecum* is based.

In State ex rel. Ponath v. Hamilton, 240 S. W. l. c. 448, we ruled:

''We conclude, therefore, not from inference or implication, but from an interpretation based upon the nature and purpose of the statute creating party committeemen and the uniform character of the duties devolving on them as such, regardless of whether they are elected in the city of St. Louis by wards or in a county by townships, that they are, so far as affects their official tenure and the right to maintain and establish same, county officers; and hence within the purview of the section (Sec. 4896, R. S. 1919) regulating contested elections.''

The result of the ruling in Ponath's Case was to place these committeemen in the category of county officers, and allow to them the right to contest an election, under Section 3, Article 8, of the Constitution. In such a contest the ballots and poll books can be placed in evidence. [Gantt v. Brown, 238 Mo. 560; State ex rel. Feinstein v. Hartmann, 231 S. W. 986.] But such is not the case here. These documents are sought to be used before a grand jury. In character this case is like State ex rel. Feinstein v. Hartmann, 231 S. W. 982, except that the subpoena in Hartmann's Case was issued under old Section 5403, Revised Statutes 1919, and the instant subpoena was issued under new Section 5403 enacted at the first special session of 1921. This new section is set out in full, supra. The only difference between the two sections (the old and new) lies within the wording of the respective provisos.

In the old Section 5403, Revised Statutes 1919 (that we may have the two together for comparison), the proviso reads:

"Provided, that the ballots in no way be used or any information disclosed that would tend toward showing who voted any ballot."

In new Section 5403 (Laws 1921, First Extra Session, p. 70) the proviso reads:

"Provided, that the ballots *cast in an election shall* in no way be used, or any information disclosed, that would tend towards showing who voted·any ballot; *but ballots cast in any primary election may be so used.*"

Upon comparison it will be seen that the Act of 1921 first interpolates the words "cast in.an election shall" as we have underscored above, and secondly adds the clause, "but ballots cast in any primary election may be so used." These constitute the differences in words between the two.

It is clear that the General Assembly was trying to obviate the force and effect of the Hartmann Case, and cases following it. We need not go into a discussion of the relative effect of these two laws.

The case before us is of easy solution, even under the Act of 1921, and for that reason its constitutionality, and other questions in this case, need not be discussed. The *proviso* of the Act of 1921 precludes the use of "the ballots cast in an election" in a way that would "tend towards showing who voted any ballot." We have ruled that to give a grand jury possession of both the ballots and poll books would tend to show who voted the different ballots. [State ex rel. Murphy v. Landwehr, 234 S. W. 656; State ex rel. v. Hartmann, 231 S. W. 982.]

The proviso before us excludes the use of ballots cast at an election. The so-called primary of August 1, 1921, was both a primary and an election. It was an election in so far as committeemen are concerned, because the action of the voters made them officers and not mere nominees. [State ex rel. Ponath v. Hamilton, 240 S. W. l. c. 448.]

Under this Ponath Case, and of its soundness we have no doubt, the election feature and the primary feature of the law should be so separated as to obviate the election of officers at a primary. As the proviso of this new section precludes the production of the "ballots at an election" and as there was an election in these named townships on August 1, 1922, it follows that under the statute itself the *subpoena duces tecum* contravenes the statute, and is beyond the statute, and therefore beyond the power and jurisdiction of respondent. So that under the very law relied upon by respondent, in the issuance of the subpoena, our preliminary rule in prohibition should be made absolute. This, because the admitted facts show an election of committeemen, and the primary laws provide for their election at the time, and in the place, involved here.

Rule made absolute. *Woodson, C. J., Elder, James T. Blair* and *Walker, JJ.,* concur; *David E. Blair, J.,* dissents; *Higbee, J.,* absent.