THE STATE EX REL. HENRY DAWSON v. VICTOR H. FALKENHAINER, Judge of Circuit Court, and GEORGE J. WEBER.—15 S. W. (2d) 342.

Court en Banc, February 11, 1929.

*Ben Philipson* and *Henry J. Mueller* for relator.

*Owen G. Jackson* for respondents.

WHITE, C. J.—Prohibition. Relator seeks to prohibit respondent, Judge Falkenhainer, from entertaining a proceeding to contest the election of relator as Republican Ward Committeeman for the Twenty-seventh Ward of the city of St. Louis.

The petition sets out the notice of election contest wherein it is alleged that respondent George J. Weber was elected as Committeman of the said ward at the primary election held in said city, August 7, 1928, and that on account of an erroneous count of the ballots in several precincts and other matter mentioned in the notice, the relator, Henry Dawson, was returned as elected as committeeman. As officially counted and certified. Dawson received 2372 votes, Weber received 2335 votes, and one A. S. Weaver received 292.

The relator's petition further alleges that the official count was had August 15, 1928, and the notice of contest was filed August 29, 1928, and service had of said notice August 24, 1928, five days before the filing of said notice.

Relator also complains that the notice of contest and summons were directed to the wrong term of court.

Relator's petition further alleges that September 18, 1928, the contestant Weber appeared before Judge Falkenhainer and made application for a writ directed to the Board of Election Commissioners of the city of St. Louis, authorizing them to open, count and compare with the list of voters the ballots which were cast for the office of Republican Committeeman of the Twenty-seventh Ward of said city at the primary. It is claimed that the court was without jurisdiction to make such an order before a contestee was required to plead to the petition.

Other matters are alleged in the relator's petition as to the details of the proceeding, and argumentative matters relating to the law of contested elections.

On this petition a preliminary rule in prohibition was issued. The respondents thereafter, at the October term, 1928, of this court, filed a demurrer. Later, relator filed a motion to make the preliminary rule in prohibition absolute.

I. The first point made by relator is that the court was without jurisdiction to order a recount of the ballots before the contestee  was required to plead to the notice of contest, which performs the office of a statement of the contestant's cause of action. Relator cites some cases such as Davison v. Hough, 165 Mo. 561; State ex rel. Childers v. Kirby, 256 S. W. 546, where it is held that a court is without jurisdiction to render a final judgment in a case before the return of the writ or before the time when the defendant must answer. But that does not prevent the taking of evidence as soon as a case is pending. A case is pending after a petition is filed in court and service had upon defendant. In case of election contest, as relator very well says: "The notice of contest serves a double purpose of a writ or declaration or of a summons and complaint." It states the cause of action and its service brings the contestee into court. The case is pending when it is served.

It was held by this court in State ex rel. Brown v. Klein, 116 Mo. 259, l. c. 268, that the statute does not require a contested election case to be "at issue" when an order to open the ballot boxes is made. It is only required that a contest shall be "pending" before the court which makes the order; that such contest is pending from the time such notice is served upon the contestee. That decision has never been overruled nor criticized so far as we are able to find, and the re-

lator points out no statute which would authorize a change of the rule in that respect. So the respondent Judge had authority to order the ballot boxes opened if an election contest was in fact pending.

Aside from that conclusion, an order made by the Judge prematurely in a matter of the kind would be a mere irregularity, and would not go to a jurisdiction.

II. Relator further claims that the respondent Judge is without jurisdiction to entertain the cause because primary elections in cities of more than four hundred thousand inhabitants are not elections within the meaning of the Constitution. He cites State ex rel. Frank v. Becker, 9 S. W. (2d) 153, where it was held that no statute provided for contesting a primary election of candidates; the election by which nominees of the party ticket are selected. That is entirely beyond the question, because the political committeemen were not merely *nominated* at the primary, August 7, 1928, but were *elected*. That was the final vote which determined their right to the office for which they were candidates at the time.

Relator cites cases from other jurisdictions to sustain the view that the election of a political committeeman at a primary election is not an election and that a committeeman so elected is not an officer, so that statutes applying to election contests for office do not apply.

Respondent points to the Act of 1921 (Laws 1921, Ex. Sess., page 68), where the Legislature declared that the primary election authorized by that act shall not be deemed an election within the meaning of Section 3, Article VIII, of the Constitution, *guaranteeing the secrecy of the ballot*. It is not necessary to go into a discussion of the constitutional amendment of 1925, where that section was amended which seems to cover this case; for the proposition is altogether irrelevant. The Act of 1921, quoted by relator, is the Legislature's interpretation of the Constitution. The Legislature has no power to give to the Constitution an interpretation which would be contrary to its terms. To the courts is given authority to construe the Constitution, and the Legislature must enact its laws in accordance with the Constitution as construed. Further, that statute relates to a *primary* election. We are not concerned here with the primary election, but with an *election*.

Notwithstanding authorities to the contrary, this court has held in State ex rel. Ponath v. Hamilton, 240 S. W. 445, and supported the holding by authorities from other states, that a political committeeman is a public officer within the purview of Section 4896, Revised Statutes 1919, which provides for election contests. In that case this court carefully analyzed our statutes and pointed out the particular provisions which place certain duties and obligations upon the political committeeman, such as to constitute him a public officer, holding that his powers are a matter of public concern. While his official duties pertain only to the management of the affairs of his party,

still they affect the welfare of the entire community and exercise some of the functions of government. It is just as important that he should be honestly elected as any official, the exercise of whose powers and authority affects the welfare of the community. Our statute in creating the office of political committeeman provided for it most responsible functions whose discharge affects the general welfare.

Relator points to what he claims to be certain irregularities and insufficiencies in the notice of contest and proceedings in pursuance of it, all of which are for the determination of the respondent judge who had charge of the case.

The preliminary rule is quashed.

All concur.