STATE EX REL. CHARLES M. REARDON, Relator, v. M. HARTMANN, Judge of the Circuit Court of the City of St. Louis, and EMMA J. BOBB, CLIFFORD J. HALEY, J. M. HANNAUER and JAMES Y. PLAYER, Members of the Board of Election Commissioners of the City of St. Louis.—55 S. W. (2d) 270.

Court en Banc, December 16, 1932.

*Louis B. Sher* and *Henry C. Hinkel* for relator.

*Green, Henry, Remmers & Dearmont* for respondent.

HENWOOD, J.—This is an original proceeding in prohibition wherein relator seeks to prevent further action in an election contest now pending in the Circuit Court of the City of St. Louis.

A provisional rule in prohibition has been issued, respondents have filed returns, and relator has filed a motion for judgment on the pleadings.

At the general primary election on August 2, 1932, relator and Clarence Hammond were opposing candidates for the office of committeeman of the Democratic Party for the Twenty-third Ward of the city of St. Louis. On August 11, the board of election commissioners of said city declared relator elected to said office. On August 13, Hammond filed in the circuit court of said city a notice of his intention to contest relator's election to said office, specifying therein the grounds on which he intends to rely in said contest, and relator was duly served with a copy of said notice. On August 17, said contest was duly assigned for hearing to the division of said circuit court then presided over by respondent judge, and on the same day Hammond filed an application for the opening of the ballot boxes and a recount of the ballots cast for said office. On August 24, respondent judge sustained said application, and made an order directing the board of election commissioners to open, count, compare with the list of voters and examine the ballots cast for said office and certify to him the result of said count, comparison and examination. On August 25, the chairman of the board of election commissioners notified relator that a recount of said ballots would begin on August 31, at nine o'clock A.

M., in accordance with said court order. On August 27, relator filed in this court his petition for a writ of prohibition.

■ The question presented for our determination is whether contests of the election of ward committeemen of political parties are governed by the general statute relating to election contests (Art. 8, Chap. 61, R. S. 1929) or by the special statute relating to primary election contests. [Laws 1931, pp. 205-208.]

. The general statute relating to election contests provides that "the several circuit courts shall have jurisdiction *in cases of contested elections for county and municipal offices*" when notice of any such contest is given to "the opposite party within twenty days after the votes shall have been officially counted," specifying therein "the grounds upon which the contestant intends to rely;" that the court before which any such contest is pending may order a recount of the ballots cast at the contested election by the clerk of the county court of the county (or by the board of election commissioners of the city) in which the contested election was held and a certification of the result of such recount to the court making such order; that the clerk of the county court (or the board of election commissioners) shall fix the date of such recount and notify the contestant and contestee or their attorneys of the date so fixed at least five days prior thereto; and that appeals may be taken and writs of error shall lie in such cases as in ordinary civil actions. [Italics ours. See Secs. 10339, 10354, 10355 and 10382, R. S. 1929.]

If the contest pending below is within the purview of this statute, relator concedes the authority of the circuit court to hear and determine said contest and to order a recount of the ballots involved therein by the board of election commissioners. But, relator contends that the contest pending below is governed by the special statute relating to primary election contests; that said contest was not instituted in accordance with the provisions of said statute; that said statute does not authorize a recount of ballots by the board of election commissioners; and that, therefore, the circuit court is without jurisdiction to hear and determine said contest or to order a recount of the ballots involved therein by the board of election commissioners.

This special statute is entitled "An Act relating to *the contest of primary nomination elections* and providing for a recount of ballots." It provides that "any candidate whose name appeared upon the primary ballot of any political party at any primary election held in any of the election precincts or voting districts in this state who desires to challenge the correctness of the count and returns for the office for which he was a candidate" may, within five days after the official count of the votes shall have been

certified, "file his verified petition in the office of the clerk of the circuit court of the county . . . or city where irregularities are alleged to have occurred," charging the commission of fraud, misconduct or irregularity in the count of the ballots or in the returns thereof, first serving a written notice on the contestee of his intention to do so; that "circuit courts are hereby vested with jurisdiction and authority to hear and determine *contests of primary elections;*" that the judge of the court shall order a recount of the ballots involved in any such contest if good cause therefor be shown; that, when such recount has been ordered, the court shall cause to be brought before it all ballots, poll books, registration books and statements of the precincts in question and determine the legality of the ballots; that the contestant and contestee, respectively, may submit a list of the names of four disinterested electors of the county or city, and from each of such lists the court shall appoint two electors for the purpose of opening and counting the ballots; that the four electors so appointed shall open, canvass and count the ballots in the presence of the court and report in writing to the court the result of their canvass and count; and that there shall be no appeal from the judgment of the court. [Italics ours. See title of said statute and Secs. 1, 2, 3, 4 and 5 thereof, Laws 1931, pp. 205-208.]

Relator's contention is based solely on the general provision of this special statute that "any candidate whose name appeared upon the primary ballot of any political party at any primary election" may contest the correctness of the official count of the ballots cast for the office for which he was a candidate, in connection with the statute (Sec. 10278a, Laws 1931, p. 209) which provides for the election of ward committeemen of political parties in the city of St. Louis at primary elections and authorizes the use of primary election ballots for that purpose. Notwithstanding the language used in said general provision of the statute relating to primary election contests, we think the title of said statute and its provisions as a whole clearly show that it was intended to apply only to contests by candidates for nominations for office, and not to contests by candidates for election to office. Moreover, we have held expressly that contests of the election of ward or township committeemen of political parties are regulated by the general statute relating to election contests. In State ex rel. Ponath v. Hamilton, 240 S. W. l. c. 446-448, we said: "The general purpose of a primary election is to *nominate candidates for office.* Provision is made in the statute regulating these primaries (Sec. 4848, R. S. 1929), however, for the *election,* at the time they are held, *of committeemen to represent the respective political parties.*

. . . Cases illustrative of the effect of a nomination by a primary election are not necessary to the determination of the official status of a party committeeman. He is not *nominated* but *elected* at the primary and his election at that time and in that manner is as effectual as if he had been chosen at a general election. . . . There can therefore be no reasonable ground for controversy that the city, so far as its authority to elect party committeemen is concerned, is identical with that of a county; and that the duties of those elected are in no wise different from those of county committeemen. A county committeeman, under the statute, would be authorized to institute a contest proceeding to determine his right of the office. . . . We conclude, therefore, not from inference or implication, but from an interpretation based upon the nature and purpose of the statute creating party committeemen and the uniform character of duties devolving on them as such, regardless of whether they are elected in the city of St. Louis by wards or in a county by townships, that they are, so far as affects their official tenure and the right to maintain and establish same, *county officers; and hence within the purview of the section* (4896, R. S. 1919) *regulating contested elections.*'' [Italics ours. See Sec. 10278a, Laws 1931, p. 209, and Sec. 10339, R. S. 1929.] This holding in the Ponath case is cited in support of holdings to the same effect in State ex rel. Copeland v. Wurdeman, 295 Mo. 458, 245 S. W. 551, and State ex rel. Dawson v. Falkenhainer, 321 Mo. 1042, 15 S. W. (2d) 342.

It follows that the provisional rule in prohibition issued herein should be discharged. It is so ordered. All concur.