Glenn J. SHAVER et al., Plaintiffs-Appellants,

v.

Mary MOYER et al., Defendants-Respondents.

No. 22975.

Kansas City Court of Appeals.

Missouri.

May 4, 1959.

Howard W. Bevins, Kansas City, for appellants.

John F. Thice, Gilbert R. Titus, Glenn G. Glasgow, Independence, for respondents.

BROADDUS, Judge.

This is a class action in which the twenty-seven plaintiffs allege that they are residents and qualified voters of Independence, Missouri, members of the Democratic Party and fairly represent all of the class of democratic voters in that city. They name as defendants the Democratic City Central Committee of Independence and the individual members of said committee. Plaintiffs, in their petition sought a declaratory judgment relating to the manner of conducting primary elections in said city. Upon motion of defendants the petition was dismissed for the reason that it failed to state a claim upon which the relief sought could be granted. Plaintiffs appealed to the Supreme Court. That court held that it was without jurisdiction and transferred the cause to this court. See Shaver v. Moyer, Mo., 317 S.W.2d 414.

The petition alleged: "That the City of Independence is a third class city under the laws of the State of Missouri * * ; that defendants by resolution adopted on or about January 15, 1957, ordered a primary election to be held in said City of Independence on Monday, January 21st, 1957, between the hours of 1:00 p. m. and 4:00 p. m., said balloting to be done in one (1) polling place in each of the six wards of said city; that the rules and regulations imposed by defendants with respect to the above-mentioned primary election are substantially the same rules and regulations by which they have conducted primary elections in said city in previous years * * * ; that said primary elections were held for the purpose of nominating candidates for the elective offices of said city and for the additional purpose of electing * * * members of said Democratic City Central Committee; that said defendants have failed and refused to adopt or enforce rules and regulations to preserve the secrecy of the ballot in said primary elections * * * ; that said primary elections are governed by the Missouri Constitution, 1945, art. I, Sec. 25 and art. I, Sec. 10 [V.A.M.S.] thereof, and by Chapter 111, Revised Statutes of Missouri, 1949 [V.A.M.S.], including but not limited to Sec. 111.530, 111.610, 111.-620, 111.630 and 111.370." It was then alleged that the rules and regulations adopted by the defendants for the conduct of said primary elections were unconstitutional, illegal and void because in "conflict

with and violative of" the sections of the constitution and the statutes heretofore mentioned.

The relief sought in the petition was a judgment declaring that the primary elections of said city are subject to the constitutional and statutory sections heretofore specified and that the conduct of defendants in limiting the hours of voting and the number of polling places is "illegal, unconstitutional and void."

The Supreme Court concluded that no question was presented which would require a construction of the constitutional provisions above mentioned. This was the ground upon which the cause was transferred to this court.

The statute providing for primary elections in Independence is Section 122.980 which states, in part, "Hereafter, all candidates for city offices * * * shall be nominated at primary elections to be conducted by the respective political parties by direct vote of the qualified voters of such cities * * *." Laws 1953, p. 737, Section 1. In Section 122.982, it is also provided that "The party committees representing the political parties in any city described in section 1 (122.980) of this act, shall be elected at the primary election held for the purpose of nominating candidates for city offices." Laws 1953, p. 738, Section 2.

Upon oral argument in the Supreme Court counsel for plaintiffs conceded that if the elections complained of were held solely for the purpose of nominating candidates for city offices (primaries) plaintiffs would not be entitled to the relief sought. Thus plaintiffs' sole remaining contention is, that since the members of the city committee are *elected* at those elections the general election laws of the state are applicable thereto. Plaintiffs refer to Chapter 111, Revised Statutes of 1949, V.A.M.S. Among the statutes appearing in that Chapter, and which plaintiffs allege has been violated, is Section 111.370, which provides that the polls shall remain open from 6:00 a. m. to 7:00 p. m.

Plaintiffs say these city committeemen are "public officers" and for that reason the general election laws are applicable to the primary election at which they were chosen. Plaintiffs rely upon the cases of State ex rel. Ponath v. Hamilton, Mo.Sup., 240 S.W. 445; State ex rel. Dawson v. Falkenhainer, 321 Mo. 1042, 15 S.W.2d 342, and Noonan v. Walsh, 364 Mo. 1169, 273 S.W.2d 195. In those cases it was held that a party committeeman had the right as a county officer to contest elections because the office of party committeeman was in the nature of a public office within the meaning of the statute regulating the contest of elections.

We do not think those cases rule the instant case. They came under discussion by our Supreme Court in the recent case of State ex rel. Wright v. Carter, Mo., 319 S.W.2d 596. The action there involved was brought at the relation of the prosecuting attorney against Hon. Don C. Carter, a member of the Boone County Democratic Central Committee, seeking to impose a penalty upon Mr. Carter for a failure to file a statement of campaign expenses in connection with his election as such committeeman. The relator contended that the defendant was a candidate for a "county" office within the scope of Sec. 129.110 RSMo 1949, V.A.M.S., and relied primarily upon the cases to which we have referred in the preceding paragraph. Sect. 129.110 provides that: "Every person who shall be a candidate * * * at any primary election, or at any election for any state, county, city, township, district or municipal office * * *" shall file a statement of campaign expenses in connection with his election to office. The court held that the office of committeeman of a political party was not within the purview of the statute. It noted that its conclusion was consistent with the weight of authority in other jurisdictions that candidates for membership in party committees, to be elected at a primary election, need not file statements of their expenses, because "such persons are not candidates for public office." In the course of the

opinion it is pointed out that it is not possible to define the words public office and public officer; that the cases are determined from the particular facts, including a consideration of the intention and subject matter of the statute or constitutional provision involved. And that the same difficulties lie in the way of giving the words "county office" a comprehensive definition. But no such difficulty arises in ascertaining who are the "officers" of Cities of the Third Class. The legislature has given the answer.

Chapter 77 RSMo 1949, V.A.M.S., relates to Cities of the Third Class. Sect. 77.040 thereof provides that: "A general election for the elective officers of each city of the third class shall be held on the first Tuesday in April after the organization of such city under the provisions of this chapter and every two years thereafter, and all city elections shall be held under the provisions of the general election laws of the state * * *. Any city organizing under the provisions of this chapter may elect a mayor and such other officers as may be necessary to carry this chapter into effect * * *."

Sect. 77.370 recites that the "Elective Officers" of said cities are a mayor, police judge, attorney, marshal, assessor, collector and treasurer. It also specifies "the terms of office of each of the said officers."

Sect. 77.390 provides that every officer of the city and every councilman, before entering upon the duties of his office, shall take an oath of office.

Sect. 77.400 reads as follows: "Term 'officer' construed. The term 'officer', whenever used in this chapter, shall include any person holding any situation under the city government or any of its departments, with an annual salary, or for a definite term of office."

Thus it is apparent that the members of the City Central Committee are not "officers" of the City of Independ-

ence. They draw no salary, annual or otherwise, and subscribe to no oath of office, nor do they hold "any situation under the city government or any of its departments." The provision contained in Sect. 77.040 that "all city elections shall be held under the provisions of the general election laws," relates to the selection of the "elective officers" of the City. In our opinion, the Legislature never intended that political committeemen in a City of the Third Class, and who are not officers of the City, must be elected under the provisions of the general election laws. It follows that plaintiffs' petition was properly dismissed. The judgment is affirmed.

All concur.