FILED 103
Honorable John A. Sharp State Representative, 38th District 11320 Blue Ridge Ext. Kansas City, Missouri 64134
Dear Representative Sharp:
This is in reply to your request for an official Attorney General's opinion concerning the question whether the St. Louis Republican Central Committee is a "public governmental body" as defined in Section 610.010(2), RSMo Supp. 1975, and is therefore subject to the open meeting requirement of that law, commonly referred to as the "Sunshine Law".
Section 610.010(2), RSMo Supp. 1975, reads as follows:
 "`Public governmental body', any constitutional or statutory governmental entity, including any state body, agency, board, bureau, commission, committee, department, division, or any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, and any other governmental deliberative body under the direction of three or more elected or appointed members having rulemaking or quasi-judicial power;" (Emphasis added)
We believe the question turns on whether these committees are considered under this definition of public governmental body to have any governmental function and whether these persons would be considered as "officers". In considering this question we first note that the language of this statute is very broad and evinces an intent to make the statute applicable to meetings of governmental entities at all levels of government. Moreover, since the statute was passed in the public interest and is remedial in nature, it must be given a liberal construction.City of St. Louis v. Carpenter, 341 S.W.2d 786 (Mo. 1961); Boardof Public Instruction v. Duran, 224 So.2d 693 (Fla. 1969).
In Cohen v. Poelker, 520 S.W.2d 50, 52 (Mo. 1975), the court stated:
 "The definition of `public governmental body' refers to and includes constitutional and statutory governmental bodies or entities at all levels in the state; for example: the `state' itself, `any political subdivision of the state,' the `county,' the `municipal government,' the `school district,' the `special purpose district,' etc. By including in the definition any `agency,' `board,' `bureau,' `commission,' `committee,' . . . and `division,' the General Assembly was recognizing some of today's forms of entities through which the several levels of governmental bodies function. It is these agencies, commissions and departments and their members which have `meetings'; not the state, county, municipality or district. Thus, it is clear that the [legislative] intent was that secrecy be prohibited at all levels of government in the state by requiring that these meetings and votes of the members of these departments, commissions and agencies of the several levels of government and the records thereof be `open' to the public." (Emphasis added)
This definition points out that the specific listing of entities governed by the statute is a legislative recognition of the functioning of governmental entities at all levels. Therefore, determining whether a particular body or entity is a "public governmental body" involves determining whether such body is a "constitutional or statutory entity" and then if such body performs any governmental function.
Central party committees are provided for in Sections 120.750 through 120.840, RSMo, and therefore the St. Louis Republican Central Committee is a "statutory entity."
As to whether such committee exercises any governmental function, the general purpose of the committee is to represent and act for the party in the interim between conventions. Section 120.750.1, RSMo 1969. The committee directs the operation of the party on a daily basis and has the power to fill vacancies on the committee. Sections 120.750.1 and 120.787, RSMo 1969. In addition, the committee is responsible for electing members to district committees. Section 120.800, RSMo 1969.
In considering whether a committeewoman under such statutes is a public officer, the Supreme Court of Missouri in Noonan v.Walsh, 273 S.W.2d 195 (Mo. 1954), held as follows:
 "A committeewoman for a political party is elected under statutes enacted by General Assembly and is charged with duty of performing certain functions of government, and is, therefore, a `public officer'". (Emphasis added)
Thus, the court has made it clear that governmental functions are performed under these statutes, and, accordingly, it is our opinion that such committees are governmental entities under the Sunshine Law and the meetings of such committees must be open to the public.
We note that the Supreme Court held in State ex rel. Wrightv. Carter, 319 S.W.2d 596, that the office of party committeeman was not within a statute requiring the filing of a statement of campaign expenses in connection with the election of a committeeman to office and that the Kansas City Court of Appeals held inShaver v. Moyer, 324 S.W.2d 148 (Mo.App. 1959) that members of the central committee of a city were not required to be elected in accordance with general election laws.
However, it is our view that the holding of the Supreme Court in the Noonan case, supra, is decisive in the premises and that a meeting of the members of a party political committee is a meeting of a public governmental body within the meaning of the Sunshine Law.
CONCLUSION
It is the opinion of this office that the St. Louis Republican Central Committee is a "public governmental body" as defined in Section 610.010(2), RSMo Supp. 1975, and is therefore subject to the open meeting requirement of that law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Walter W. Nowotny, Jr.
Very truly yours,
 JOHN C. DANFORTH Attorney General