## Owsley v. Vaughn.

(Decided March 26, 1926.)

### Appeal from Laurel Circuit Court.

1. Elections—Successful Contestant in Election Contest, Also Failing to Comply with Corrupt Practice Act, Cannot be Declared Elected, though he Receives Majority of Legal Ballots (Corrupt Practice Act [Ky. Stats., Section 1565b-1, et seq.]).—Candidate for board of education contesting election for failure of opponent to file pre-election expense account, as required by Corrupt Practice Act, cannot be declared elected as having received majority of legal ballots, where he also failed to substantially comply with Corrupt Practice Act (Ky. Stats., section 1565b-1, et seq.) by failing to show that sums indicated were all that he spent or contributed to election, or all that others had contributed with his knowledge or consent.

2. Elections—Act Requiring Clerk to Print Names of Candidates on Ballots, though They had Not Filed Pre-Election Expense Account, is Mandatory.—Act requiring clerk to print on ballots 'names of candidates for whom petition had been filed, as provided by statute, though they had not filed a pre-election expense account, is mandatory, and does not provide for an expense account being first filed.

LEWIS, BEGLEY & LEWIS for appellant.

LUKER & HAMM and H. C. CLAY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

J. G. Owsley and Dan Vaughn were opposing candidates for the office of member of the county board of education in an educational division of Laurel county at the regular November election, 1925. Vaughn received the certificate of election and Owsley filed notice and grounds of contest. On the hearing of the contest judgment was entered in favor of Vaughn and Owsley appeals.

One of the grounds of contest was that Vaughn had not filed a pre-election expense account as provided by the Corrupt Practice Act. On this point the case is controlled by the opinion in the case of Ridings v. Jones, this day decided, and for the reasons given in that opinion the judgment must be reversed. But Owsley insists that certain ballots counted for appellee were improperly counted and that he should be declared elected as he has a majority if these ballots are not counted. It is unnecessary

to decide this question, for he did not substantially comply with the Corrupt Practice Act. He filed a paper before the county clerk in proper time, but this paper did not contain the statements required in the statute and was not sworn to as provided by the statute. It did not show that the sums indicated were all that he had spent or contributed to the election or all that others had contributed with his knowledge or consent. Appellant is therefore in the same situation as the appellee and neither appellant nor appellee can be declared elected. On the whole case the court should have entered judgment that neither appellee nor appellant was elected.

It was the duty of the clerk to print on the ballots the names of the candidates for whom a petition had been filed as provided in the act creating the board, although they had not filed a pre-election expense account. The provisions of the act as to the duty of the clerk on this subject are mandatory and do not provide for an expense account being first filed.

Judgment reversed and cause remanded for a judgment as above indicated.