# Creech v. Fields.

Jan. 17, 1939.

As Extended Jan. 27, 1939.

FORESTER & CARTER, C. B. SPICER and SAM H. BROWN for appellant.

J. C. BAKER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming in part and reversing in part.

This is a contest of the election of the appellant, J. I. Creech, to the office of Police Judge of Cumberland, at the November, 1937, election. There were eight candidates. The appellant received 282 and contestant, Ira

Fields, received 164 votes. The other candidates received fewer and are not parties to the contest. The circuit court, a special judge presiding, found that the contestee had violated the Corrupt Practice Act (Section 1565b-1 et seq., Statutes), but in what respects no opinion was expressed. The judgment invalidates the contestee's certificate of election, adjudges the contestant entitled to the office, as he had received the next highest number of votes, and orders that he be permitted to qualify and enter upon the discharge of the duties thereof.

The judgment declaring Fields entitled to the office is clearly erroneous. The Corrupt Practice Act provides that a judgment of guilt of its violation by a candidate for office, or others in his behalf with his knowledge, shall invalidate his nomination or election, and the candidate who has received the next highest number of votes and who has not violated the provisions of the act shall be declared nominated or elected. But it was held in McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581, that so much of the act as authorizes a judgment declaring a candidate in a general election free of guilt who had received the next highest number of votes elected to the office as unconstitutional and void. This for the reason that the constitution requires that an election shall be determined by the plurality vote of the people. However, that provision is valid as it relates to nominations in a primary, since primary elections are not so restricted by the constitution. Section 151 of the constitution authorizes the terms of the act which deprive a guilty candidate in a general election of the fruits of his victory. Hardin v. Horn, 184 Ky. 548, 212 S. W. 573, 575; Charles v. Flanary, 192 Ky. 511, 233 S. W. 904, 908; Owsley v. Vaughn, 213 Ky. 817, 281 S. W. 1002; Muncy v. Hughes, 265 Ky. 588, 97 S. W. (2d) 546.

We are of opinion that the evidence is not of such character that the court should say that the contestee, Creech, was proven guilty of having illegally used promises or money or liquor to secure the election, or that others had done so in his behalf with his knowledge, and thereby on that account that he should be held to have forfeited his right to the office. But his pre-election and post-election statements of money or other things of value contributed, disbursed, expended or promised in order to secure the election are fatally insufficient. Sec-

tions 1565b-4, 1565b-11, Kentucky Statutes. The former section requires that the statements shall, among other things, show, "the dates when, the persons to whom, and the purpose for which, all such sums were paid, expended or promised," and that the candidate shall subscribe, swear to and file in connection therewith the following oath:

"I do solemnly swear (or affirm) that the statement herewith filed embraces all money spent by me, or in my behalf with my knowledge; by any person for me; that I have neither directly nor indirectly arranged for or encouraged the spending of any money other than as shown in my said statement; that I have not repaid any money so spent or claimed to have been spent, and that I will not do so, and that I have not violated any of the provisions of this act in letter or in spirit."

The pre-election statement filed by the contestee is:

"I, J. I. Creech, as Independent Candidate for the office of City Judge of Cumberland, Harlan County, Kentucky, hereby file with you my expense account as to legal expenses used in my campaign up to the present date."

Eight items are then listed, aggregating $57.34, but only the amounts and purposes of the expenditures are shown. The dates and persons to whom the money was paid are not shown. The above form of oath is altogether omitted. There is merely the candidate's signature and a simple jurat of an officer before whom it was subscribed and by whom he was sworn.

The post-election statement is the same, modified to cover "expenses accrued in making my final campaign in the general election." It shows different items aggregating $74.24.

It has been consistently held that the filing of these statements is mandatory though the time of filing is directory; however, that a substantial compliance with the form is sufficient. McKinney v. Barker, supra; Felts v. Edwards, 181 Ky. 287, 204 S. W. 145; Owsley v. Vaughn, supra, and many other cases. And, as held in McKinney v. Barker, supra, a candidate is not excused by the fact that he spent no money in the campaign since the statutes make it necessary that such fact

be divulged in the statement. In Duff v. Salyers, 220 Ky. 546, 295 S. W. 871, we held a certain statement to be a substantial compliance with the terms of the statutes. However, it was in such form as had the effect of saying that the candidate had received no contribution and that neither he nor anyone else in his behalf had spent anything or promised anything more than was contained in the statement. That disclosure is wholly lacking in the statements filed by the appellant. The statute requires a full disclosure of what has been done, and, as well, a statement of what has not been done. We are constrained to hold that the failure to comply with the statute in a more substantial way results in the forfeiture of the appellant's right to the office. To that extent the judgment is affirmed.

This conclusion would seem to make it fair that each party should be taxed with and pay his own costs in the trial court and to bear equally the cost of the appeal. The judgment should be so modified and the Clerk of this Court tax the costs accordingly.

Judgment affirmed in part and reversed in part.