# Owen v. Brooks.
# Wickliffe v. Sanderson.

Nov. 2, 1945.

John D. Driskill for appellants.

Wheeler & Shelbourne for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The facts in these two cases are practically the same, and as the identical legal question must be decided in each, both cases will be disposed of in this opinion.

Appellants and appellees were rival candidates for member of the McCracken County Board of Education for the fourth and fifth school districts in the general election held on November 7, 1944. Wickliffe won over Sanderson by a vote of 822 to 341, and Owen over Brooks by a vote of 713 to 612. The defeated candidates, appellees, duly filed contest proceedings in which they charged each of the appellants with violating the Corrupt Practices Act, KRS 123.010 et seq., in that neither of them filed a pre-election expense account in conformity with KRS 123.060 and 123.070.

After hearing proof the trial court entered judgment in each action that the successful candidate had violated the sections of the statute, to which reference

has just been made, in failing to file his pre-election expense account, therefore, his election was void and that a vacancy existed in the office upon the expiration of the term of the present incumbents.

It is provided in KRS 160.240 that the general election laws shall apply to elections for school board members, and Hart v. Rose, 255 Ky. 576, 75 S. W. 2d 43, expressly decides that the Corrupt Practices Act is applicable to school elections. There is no contrariety in the proof, which shows that neither Wickliffe nor Owen filed a pre-election expense account. They attempt to excuse themselves for not complying with the statute in this respect by the fact that they incurred no pre-election expense, hence the law does not require them to do a vain thing and file a statement of their expenses when they had no pre-election expense. In Sparkman v. Saylor, 180 Ky. 263, 202 S. W. 649, it was held that the statutory requirement that both a pre-election and post-election statement of expenses be filed is mandatory, although the specific time of their filing is directory, and if the pre-election statement is filed a sufficient time before the election to serve the purpose of the Act, it will suffice. It was said in McKinney v. Barker, 180 Ky. 526, 203 S. W. 303, L. R. A. 1918E, 581, that the fact the candidate spent no money did not excuse him from filing a pre-election statement, since it was as necessary that this fact be divulged before the election as it was to make known just what money was spent up until that date. This rule has been followed in Creech v. Fields, 276 Ky. 359, 124 S. W. 2d 503.

Appellants argue that each of them received a substantial majority, and as there was no evidence of corruption the will of the people should not be upset merely because the candidates by oversight failed to comply with a technical requirement. The answer to this is as pointed out in appellees' brief, "All successful election contests appear, in a sense, to thwart the will of the people. In such cases the will of the people of the district, as expressed by their votes, must yield to the will of the people of the Commonwealth of Kentucky as expressed in the Statutes of the State designed to insure elections free from corrupt practices."

The judgment in each case is affirmed.