**STATE** of Missouri ex rel. Scott O. **WRIGHT,** Prosecuting Attorney of Boone County, Missouri, Relator-Respondent,

v.

Don C. **CARTER,** Defendant-Appellant.

No. 22703.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1958.

Alexander, Welliver & Wayland, Columbia, Kemp, Koontz, Clagett & Norquist, Kansas City, for defendant-appellant.

Scott O. Wright, Columbia, for relator-respondent.

MAUGHMER, Commissioner.

This is a proceeding brought by the Prosecuting Attorney of Boone County to recover a penalty from the defendant (appellant) for failure to file a statement of his campaign expenses in his uncontested and successful race for township member of a political party county committee. The jury, under direction of the court, returned a verdict for relator and against defendant. The jury assessed the sum of $50 as penalty. Defendant's motions for directed verdict at the close of plaintiff's case, at the close of all the evidence, and after judgment were each overruled. Defendant's motion for a new trial was denied and an appeal duly perfected. Since the amount in dispute is less than $7,500 and as the subject matter is not jurisdictionally lodged with the Supreme Court, jurisdiction lies with this court, Article V, Sections 3 and 13, Constitution, V.A. M.S., Section 477.040, V.A.M.S.

On February 28, 1956, defendant filed with the county clerk his formal written

Candidate's Declaration, announcing himself as a candidate for Committeeman for Bourbon Township, Boone County, Missouri on the Democratic ticket to be voted for at the primary election Tuesday, August 7, 1956. The county clerk listed defendant's candidacy in the Notice of Primary Election as published in two newspapers. At the primary election held August 7, 1956, defendant's name appeared on the official ballots. Thereafter, the official election returns were canvassed. On August 14, 1956, the county clerk certified and transmitted to the chairman of the Boone County Democratic Central Committee a "Complete return of the Primary Election held in Boone County, Missouri on Tuesday, August 7, 1956, for candidates of the Democratic Party", as required by Section 120.500, V.A.M.S. This return listed defendant as receiving 319 votes for committeeman. No other person was listed as receiving any votes for such office in Bourbon Township. The county clerk issued no certificate of election as committeeman to defendant. Defendant, on the third Tuesday in August, 1956, met with other members and participated in the organization of the county committee. Continuously since he has assumed and exercised the functions of that office. He has never filed with the county clerk or with the recorder of Boone County, a sworn statement as to the sums of money expended or promised by him in endeavoring to secure his election which the relator contends he was required to file by reason of the provisions of Section 129.110, V.A.M.S. Defendant testified that he expended no money in his campaign.

[2] Absent a legislative requirement, no candidate for office need make any statement as to his campaign expenditures. Therefore, we look to the statutes. Section 129.110, V.A.M.S. reads as follows:

"Every person who shall be a candidate before any caucus or convention, or at any primary election, or at any election for any state, county, city, township, district or municipal office, or for senator or representative in the General Assembly of Missouri, or for senator or representative in the Congress of the United States, shall, within thirty days after the election held to fill such office or place, make out and file with the officer empowered by law to issue the certificate of election to such office or place, and a duplicate thereof with the recorder of deeds for the county in which such candidate resides, a statement in writing, which statement and duplicate shall be subscribed and sworn to by such candidate before an officer authorized to administer oaths, setting forth in detail all sums of money, except all sums paid for actual traveling expenses, including hotel or lodging bills, contributed, disbursed, expended or promised by him, and, to the best of his knowledge and belief, by any other persons or person in his behalf, wholly or in part, in endeavoring to secure or in any way in connection with his nomination or election to such office or place, or in connection with the election of any other persons at said election, and showing the dates when and the persons to whom and the purposes for which all such sums were paid, expended or promised. Such statement shall also set forth that the same is as full and explicit as affiant is able to make it. No officer authorized by law to issue commissions or certificates of election shall issue a commission or certificate of election to any such person until such statement shall have been so made, verified and filed by such persons with said officer".

The defendant presents six assignments of error. He asserts that this case should not have been tried as a civil case and cites State v. Harold, 364 Mo. 1052, 271 S.W.2d 527 in support of such position. That decision by the Supreme Court merely holds that a juvenile case, though not a "criminal case", is, nevertheless, not a "civil case" with the state as a party,

so as to confer jurisdiction upon the Supreme Court. Section 129.120, V.A.M.S. provides that any person failing to comply with the provisions of Section 129.110, supra, shall be liable to a fine not exceeding $1,000 to be recovered in an action brought in the name of the state by the Attorney General or by the Prosecuting Attorney with the amount of the fine to be fixed by the jury. We believe that under this section an action to recover the fine is not strictly criminal but remedial as well, and the penalty may be recovered in a civil action as the offense is not denounced as a misdemeanor. . State ex rel. Jones v. Howe Scale Co. of Illinois, 182 Mo.App. 658, 166 S.W. 328; State ex rel. Howell County v. West Plains Telephone Co., 232 Mo.App. 579, 135 S.W. 20.

The other five assignments complain generally of the refusal of the court to direct a verdict for the defendant. Particularly, we are told, this should have been done because (1) Political party committeemen are not specifically named in the statute. (2) Such committeemen could not file such a statement "with the officer empowered by law to issue certificates of election" because no officer is designated to issue such certificates, (3) One of the penalties, namely, loss of salary or emolument could not be applied since the office carries no salary, (4) The defendant expended no money and, therefore, it was impossible for him to list his expenditures and (5) A party committeeman is not a public officer nor is the office within the purview of Section 129.110. These last five assignments can be discussed together.

■ ■ We are here concerned with a statute generally known as the Corrupt Practices Act, V.A.M.S. § 129.010 et seq. It is strictly penal in its nature and must be strictly construed. State ex rel. Crow v. Bland, 144 Mo. 534, 46 S.W. 440, 41 L.R.A. 297; State ex inf. Burgess ex rel. Hankins v. Hodge, 320 Mo. 877, 8 S.W.2d 881, loc. cit. 884. Political party committeemen are not specifically named in the statute, but

neither is any office or candidate specifically named save only senators and representatives, both Federal and State. The fact that committeemen are not specifically named is not of itself sufficient to exclude candidates therefor from the provisions of the Act.

■ Defendant says the Act does not apply to him because he receives no salary. A defeated candidate for senator or sheriff receives no salary, but as a person who was a candidate he is required to file a statement. We rule this point against defendant.

■ Defendant asserts that no officer is empowered to issue a certificate of election for committeeman and, therefore, there was no designation of the office in which his statement should have been filed. Section 111.710, V.A.M.S. provides that the county clerk shall, within five days after the close of each election, " * * * examine and cast up the votes given to each candidate, and give to those having the highest number of votes certificates of election". The evidence here shows that the county clerk cast up the votes, certified the totals, including the votes for defendant as committeeman and delivered same to Mr. Warren D. Welliver, Chairman of the Boone County Democratic Central Committee, as required by law. We express no opinion as to whether this "return of votes" amounted to a certificate of election as to defendant, or whether the clerk should have sent defendant an individual certificate of election. We do say that if the Act applies to committeemen, the law sufficiently provides that the statement shall be filed with the county clerk and a copy with the recorder of deeds.

■ We find no merit in defendant's contention that he is exempt because he neither spent nor promised to spend any money. The Act does not provide that every candidate who spends shall file, but rather that every candidate shall file. In McKinney v. Barker, 180 Ky. 526, 203 S.W.

303, loc. cit. 304, L.R.A.1918E, 581, the court said: "* * * it is not a sufficient excuse for a failure to file it that the candidate had spent no money in his campaign, because it is as necessary that such fact be divulged before the election as it is to make known sums that had been spent, if any, for legitimate purposes. The same reasoning would justify a failure to file the certificate when the candidate, although he had used campaign funds, had done so within the limitations and for the purposes prescribed by the statute; i. e., that he had not violated the statute, and the necessity for the statement was removed".

In Owen v. Brooks, 300 Ky. 743, 190 S. W.2d 326, the court held the Corrupt Practices Act was applicable to a school director, and it was no excuse that he had expended no money. 29 C.J.S. Elections § 216, p. 314, reads: "It is not sufficient excuse for failure of a candidate to file the required statement that he has spent no money in his campaign". Many candidates for county office in counties where one party has a top-heavy majority are nominated and elected without opposition and possibly expend no money. Would it be seriously contended that such a candidate would be relieved from the requirement to file the statement? We think not.

■ Defendant has also complained about the action of the trial court in instructing the jury to assess a penalty by a fine of not to exceed $1,000. He says this precluded the jury from assessing a penalty of $1. The instruction follows the wording of the statute and we hold this objection to be without merit.

■ We have now reached what we believe is the crucial question in this case, namely, is the post of member of a rural county political committee an office within the purview of Section 129.110, regulating Corrupt Practices and did the Legislature intend to include therein candidates for such positions? Our statute, unlike those in some states, (Maryland) does not use the words "public office" or "public officer".

The statute states simply that "*Every person* who shall be a *candidate* before any caucus or convention, or *at any primary election* * * * for any state, county, city, township, district or municipal office * * * shall * * *" This is language of broad coverage. We believe, however, that the offices described therein mean "public offices" or "in the nature of public offices" and that the Legislature only intended to require the filing of the statement from candidates for "such office or place" (Italics ours).

We have methodically examined the facts and considered the reasoning in the cases cited by defendant. In Usilton v. Bramble, 117 Md. 10, 82 A. 661, the court held that party committeemen were not public officers and were not required to file a statement of expenditures under a statute requiring all "candidates for public office" to do so. However, after so ruling the Maryland court weakened the opinion, we think, by this statement, 82 A. loc. cit. 663: "We are therefore of the opinion that that section is not applicable to committeemen, and they are not required to file the statement named in it, but it must not be understood, however, that they are not subject to any other provisions of the corrupt practices act, for they would be liable to the penalties prescribed for illegal use of money, etc., and other corrupt practices prohibited, notwithstanding they are not required to file the statement referred to in section 168".

The Supreme Judicial Court of Massachusetts in Attorney General v. Drohan, 169 Mass. 534, 48 N.E. 279, in the year 1897, ruled that members of the Democratic City Committee of Boston were not public officers and the Attorney General could not intervene to test their right to hold such positions. This decision was before the era of our Corrupt Practices Act and of our primary laws. However, the same court in Kidder v. Mayor of Cambridge, 304 Mass. 491, 24 N.E.2d 151, specifically approved the Drohan ruling on this point

although the question was not directly involved.

The Supreme Court of Indiana in Harrell v. Sullivan, 220 Ind. 108, 40 N.E.2d 115, loc. cit. 120, 41 N.E.2d 354, 140 A.L.R. 455, said: "Manifestly, membership in a political committee belonging to one party or another does not come within the above description of what constitutes public office, and the fact that the legislature undertakes by statute to regulate the election and conduct of political committees does not make the office a public one".

In People ex rel. v. Kramer, 328 Ill. 512, 160 N.E. 60, the respondent county clerk refused to provide for a primary election as directed by the 1927 Illinois primary law. The court ruled that law unconstitutional and on page 65 of 160 N.E. the opinion said: "A committeeman is not a public officer. The position carries with it no salary, fees, or emoluments. The incumbent is not required to give a bond or subscribe to an oath, * * * nor do the committeemen represent the public at large, or exercise any of the sovereign powers of the state. They represent the members of the political parties, *and are accountable to them alone*". (Italics supplied). We question if the Supreme Court of Illinois would, today, 30 years later, approve the statement in its opinion which we have underlined. Certainly, this court does not approve it.

We find the following statement in 18 Am.Jur., Elections, Section 238: "As a general rule, statements are required to be filed only by candidates for public offices. (citing State ex rel. Brady v. Bates, 102 Minn. 104, 112 N.W. 1026). Thus, it has been held that filings need not be made by candidates for membership in party committees, to be elected at a primary election, for such persons are not candidates for public offices. (citing Tuck v. Cotton, 175 Ark. 409, 299 S.W. 613, and Usilton v. Bramble, 117 Md. 10, 82 A. 661, supra)."

Section 124.250, V.A.M.S. vests jurisdiction in the circuit courts "in cases of contested elections for county, municipal and township offices". Our courts have squarely and repeatedly held that this section includes political party committeemen. In State ex rel. Dawson v. Falkenhainer, 321 Mo. 1042, 15 S.W.2d 342, it was sought to prohibit the circuit court from entertaining a proceeding to contest the election of one Weber respondent, as committeeman. Our Supreme Court en banc, speaking through White, Chief Justice, said, 15 S.W.2d loc. cit. 343: "Notwithstanding authorities to the contrary, this court has held in State ex rel. Ponath v. Hamilton, Mo.Sup., 240 S.W. 445, and supported the holding by authorities from other states, that a political committeeman is a public officer within the purview of section 4896, R.S.1919 [V.A.M.S. § 124.250], which provides for election contests".

Noonan v. Walsh, 364 Mo. 1169, 273 S.W. 2d 195, involved an election contest for committeewoman in St. Louis. The Supreme Court, 273 S.W.2d loc cit. 196, said: "A committeewoman is elected under the statutes enacted by the General Assembly and is charged with the duty of performing certain functions of government, State ex rel. Ponath v. Hamilton, Mo., 240 S.W. 445, and is, therefore, a 'public officer' ".

The two cases just referred to follow, approve and rest upon the reasoning and logical discourse upon the subject by Mr. Justice Walker, speaking for the Supreme Court of Missouri, en banc, in State ex rel. Ponath v. Hamilton, 240 S.W. 445. This was a proceeding in prohibition to prevent production of ballots, poll books and ballot boxes for use as evidence in a pending quo warranto action contesting an election (primary) for St. Louis City Central Committeeman. It was held that such production and use was authorized only in a pure election contest, but not in a quo warranto proceeding. However, the court discussed the issues involved in our case and we quote from the opinion, 240 loc. cit. 446, 447 and 448:

"The general purpose of a primary election is to nominate candidates for

office. Provision is made in the statute regulating these primaries (section 4848, R.S.1919), however, for the election, at the time they are held, of committeemen to represent the respective political parties. The legislative purpose in the recognition of these administrative bodies was to prescribe their powers and define their limits that the action of the parties they represent might be simplified and rendered more uniform, and, as a not remote consequence, the rights of individual citizens thereby protected if not promoted. The unregulated activities of the governing committees of political parties with their consequent ills, theretofore existing, may have been one of the moving causes for this regulatory legislation.

"The law specifies the terms and prescribes the powers of the committeemen. This exercise of power characterizes all statutes defining public officers. The nature of the duties committeemen are required to perform adds force to this conclusion. They are required to receive and disburse the filing fees required to be paid by candidates (sections 4828, 4991, R.S.1919 [V.A.M.S. §§ 120.350, 122.710, 129.-270]); they prepare and submit lists from which judges and clerks of election are to be appointed (sections 4779, 4851 [V.A.M.S. §§ 111.320, 120.-610], 5120, 5121, R.S.1919) they fill vacancies on the tickets and to that extent exercise the powers of electors (sections 4815, 4816, 4838, 5004, R.S. 1919 [V.A.M.S. §§ 120.550, 120.560, 120.750, 122.900]); they nominate candidates for vacancies on the board of aldermen of the city of St. Louis (sections 21 and 22, R.C.St.L.1914); they appoint challengers and watchers at elections (sections 4776, 4840, 4842, 5003, 5004, 5007, 5162, R.S.1919 [V.A. M.S. §§ 111.270, 111.490, 111.610, 120.-480, 120.490, 122.820, 122.840, 122.-900]); they elect their own officers,

constitute the congressional committee, and elect the state committee (section 4848, R.S.1919). These powers are all matters of public concern. We held, in effect, in State ex rel. Walker v. Bus, 135 Mo. [325], loc. cit. 332, 36 S.W. 636 [loc. cit.], 33 L.R.A. 616, that one who receives his authority from the law and, in the performance of same, discharges some of the functions of government, may be regarded as a public officer. * * *

* * * * * *

"Cases illustrative of the effect of a nomination by a primary election are not necessary to the determination of the official status of a party committeeman. He is not nominated but elected at the primary, and his election at that time and in that manner is as effectual as if he had been chosen at a general election. It is therefore from the nature of the duties the law imposes on him that the character of his position is to be determined. We have shown that the law defines the duties and that their performance involves the discharge of certain functions of government. This, without more, is sufficient to authorize the classification of such a committeeman, if not as a public officer in the full sense of the term, as holding a position analogous thereto.

"Precedents elsewhere persuasively support this conclusion. In New York, from whence we derived our primary law, it was held by the Court of Appeals that a committeeman of a political party was a public officer. People ex rel. Coffey v. Democratic Committee, 164 N.Y. 335, 58 N.E. 124, 51 L.R.A. 674. Like rulings have been made by other appellate courts in that jurisdiction (citing cases). * * *

* * * * * *

"Not only, therefore, by our rulings, but in harmony with those in the jurisdiction from whence we derived our law, we are authorized in holding that

the position held by a political committeeman elected under the authority of the statutes is such as to entitle his position to be classified as in the nature of that of a public officer.

\*    \*    \*    \*    \*    \*

"We conclude, therefore, not from inference or implication, but from an interpretation based upon the nature and purpose of the statute creating party committeemen and the uniform character of the duties devolving on them as such, *regardless of whether they are elected in the city of St. Louis by wards or, in a county by townships,* that they are, so far as affects their official tenure and the right to maintain and establish same, *county officers;* and hence within the purview of the section (4896, R.S.1919 [V.A.M.S. § 124.250]) regulating contested elections". (Italics ours.)

If such committeemen are "county officers" or "public officers" or "classified as in the nature of that of a public officer", and therefore within the purview of the section regulating contested elections, does it not follow that they are also within the purview of the section regulating corrupt practices? We think it does.

In 38 Harvard Law Review, page 92, there is an interesting review of this question. The article states that many courts hold that committeemen elected under primary laws are public officials even though no salary is provided, and "The practical effect of the courts' refusal to interfere today would be the nullification of the whole system of direct primary reform".

A party committeeman is today a person of some authority. Some, for example, as a majority state chairman, exert a tremendous influence over public affairs. If the members of such groups are ruled not amenable to the laws, if they are responsible only to themselves, if they can determine who is a member of the committee, regardless of courts and regardless of the voters' choice, and if the provisions of the Corrupt Practices Act do not apply to such members, then one of the impelling purposes for which the primary law and the Corrupt Practices Act were enacted will have been circumvented.

Defendant says he spent no money and did none of the improper acts which these laws seek to eliminate. We believe from the evidence in this case that such is the fact, but he did fail and refuse to file the statement. We must apply the law to all alike. If we held party committeemen were not public officers or that such office was not within the purview of Section 129.110, we would exempt all members from compliance, not only those who had merely failed to file the statement, which we believe the Legislature invoked as a restraint and deterrent, but also those who had engaged in those corrupt practices which prompted enactment of such legislation.

In addition, and notwithstanding authorities somewhat to the contrary in other jurisdictions, we believe that the rulings of our Supreme Court cited in this opinion squarely hold that a political party committeeman is a public officer within the purview of our law for election contests. Section 124.250. We believe it logically follows that he is likewise a public officer within the purview of Section 129.110. We must, of course, follow the decisions of the Supreme Court of this state. For that reason and because we believe the conclusions reached are wise, just and right and what the Legislature intended, we must affirm the judgment entered by the trial court.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.