STATE *ex rel.* BROWN, *Prosecuting Attorney*, v. SPITZ.

Division Two, March 5, 1895.

1. Justice of Peace: VACANCY IN OFFICE: STATUTE.    One appointed, under Revised Statutes, 1889, section 6095, to: fill a vacancy occurring in the office of justice of the peace, holds office only until the next general election of county officers.

2. ———: ———: ———.    Where such vacancy occurred in the.year 1892, prior to the general election of that year, and the appointee was elected as his own successor at said election, his term thereunder continued only until the general election in 1894, and not for the full term of four years.

*Quo Warranto.*

WRIT OF OUSTER DENIED.

*G. F. Ballingal, J. R. Edwards, John W. Beebe* and *M. T. C. Williams* for relator.

(1)    The election held in 1892 was a valid election to fill the vacancy caused by the resignation of Ganzhorn.    *State v. Conrades*, 45 Mo. 45; *State ex rel. v. Manning*, 84 Mo. 661; *Morgan v. Com'rs*, 24 Kan. 71; *State ex rel. v. Foster*, 36 Kan. 504.    (2)    In all the states where the tenure of office is fixed for a term of years by the constitution or statutes, and there is no provision made, either by the constitution or statutes, that a person elected or appointed to fill a vacancy shall hold for the residue of term for which he is so elected or appointed—the uniform ruling of the courts of last resort has been that the person so elected or

appointed is entitled to fill the office for the constitutional or statutory period, and not merely for the unexpired term of his predecessor. *Attorney General v. Brunst*, 3 Wis. 787; *Powers v. Hemp*, 2 Humph. 24; *Keep v. Mason*, 3 Sneed, 6; *Tatum v. Rivers*, 7 Baxter (Tenn.), 295; *Marshall v. Harwood*, 5 Md. 423; *Saulbury v. Middleton*, 11 Md. 296; *Banton v. Wilson*, 4 Texas, 400; *People v. Green*, 2 Wend. (N. Y.) 266; *People v. Cortant*, 11 Wend. (N. Y.) 132; *People v. Garvey*, 6 N. Y. 642; *Whipple v. Reed*, 9 S. C. 5; *Hughes v. Buckingham*, 5 S. & M. (Miss.) 632; *State v. Duffell*, 32 La. Ann. 649; *People v. Hunsend*, 102 N. Y. 431.

*Henry Wollman, John L. Peak, R. E. Ball* and *Alexander New* for respondent.

(1) Latshaw's election in 1892 was unauthorized by the statute, was null and inoperative, and as a matter of law he held his office by virtue of his appointment by the county court, until the election of respondent in November, 1894. (2) Even if Latshaw's election in 1892 was authorized, he could only have been elected for the unexpired portion of the fixed term ending with the general election of 1894. In all of the authorities cited by relator showing that the incumbent takes for a full term, whether his predecessor served a full term or not, the rulings are based on the absence of any expression of the legislature showing that there was a fixed point of beginning and ending of the terms. See *State ex rel. v. Stonestreet*, 99 Mo. 361. (3) Even if Latshaw's election was valid, if he was not simply chosen for Ganzhorn's unexpired term, then as a practical result it follows that he must hold for six years instead of four.

GANTT, P. J.—This is a proceeding by an information in the nature of a *quo warranto* to test the right of

Benjamin Spitz to exercise the duties of justice of the peace within and for the sixth district of Kaw township, in Jackson county, Missouri, under and by virtue of an election held therefor at the general election held in said township, in November, 1894.

In March, 1890, the county court of Jackson county, Missouri, divided Kaw township, of said county, into eight justice's districts, pursuant to the requirements of section 6090 of the Revised Statutes of 1889. At the general election in 1890, according to the provisions of section 6090, John L. Ganzhorn was elected justice of the peace in the sixth district of Kaw township, and duly qualified and held the office until January, 1892, at which time he resigned.

A vacancy thus being brought about, the county court, under authority of section 6096 of the revision of 1889, appointed and commissioned Ross W. Latshaw to supply the same, and at the next general election of 1892, Latshaw was a candidate for justice, and received the highest number of votes, and was commissioned and continued to hold the office until the next general election, in 1894. At that election, respondent, Benjamin Spitz, was a candidate for said office of justice of the peace, and, receiving a majority of the votes over his opponent, duly qualified for said office, and was commissioned by the county court for four years. The writ in this cause was issued at the relation of the prosecuting attorney to test respondent's right to hold the said office. The question to be decided is, was the election for a justice of the peace in said sixth district, in November, 1894, a void election.

The statutes upon which relator bases his claim to oust respondent from the office in question, are sections 6090, 6096, 6100 of the Revised Statutes of 1889,

and the constitutional provisions to be found in section. 5 of article 14, and section 37 of article 6 of the constitution of this state.

Section 6090 provides for the division into districts of all townships containing, or that may hereafter contain, a city of 100,000 inhabitants and less than 300,000 inhabitants, and then commands that, *"at the general election in 1890, and every four years thereafter, there shall be elected in each of said districts, by the qualified voters thereof, one justice of the peace,* who shall possess the qualifications required by law for other justices of the peace, shall take the same oath, possess the same jurisdiction, and shall hold his office for four years, and until his successor is elected and qualified, and who shall be a resident of and keep and maintain his office in the district for which he is elected. The persons now holding the offices of justices of the peace in townships affected by this article shall continue to perform the duties of their respective offices until the general election of 1890, *at which time one justice of the peace for each district, as herein provided, shall be elected, after which time there shall be no other justices of the peace in townships affected by this act, except as herein provided for."* No provision is made in this section for filling vacancies.

Section 6096 provides: "When a vacancy occurs in the office of justice of the peace, the county court of the county in which such vacancy occurs may supply the same by the appointment of some person competent and qualified, who shall hold his office until the next general election of county officers, and until his successor is elected, commissioned and qualified."

Section 6100 provides: "Justices of the peace are to be commissioned by the county court, and shall hold.

their offices for four years, and until their successors are elected and qualified.''

Counsel for relator insist that Latshaw's election in 1892 entitled him to the office, because, by virtue of these statutes, justices are elected for four years, and, because, by section 6096, an appointment could only have been made by the county court until *the general election for county officers in 1892*, and after that date until the general election in 1894, there would have been a vacancy without a corresponding power in anyone to fill it. On the other hand, respondent asserts that section 6090 fixed a term of office for justices of the peace in districts created by virtue thereof, defining in the clearest language both the beginning and the ending of said term; that the scope and purpose of the statute was to secure uniformity, both in the date of their election and in the terms of their offices.

The distinction to be found in the multitude of cases to be found on the question of filling vacancies seems to be this: Those cases which hold that one elected to fill an office which has become vacant takes for a full term are based either upon constitutional or statutory provisions which provide only for the length or duration which the incumbent may hold the office, whereas in every instance, so far as our research goes, in which the constitution or statute definitely and certainly prescribes not only the duration of the term but a fixed time for its beginning and ending, the holding has been that the incumbent's right to the office, whether he was elected to serve the whole term or to fill a vacancy therein, terminates with the fixed time prescribed for the ending of said term. As was said by this court both in *State ex rel. v. Ranson*, 73 Mo. 78, and *State ex rel. v. Stonestreet*, 99 Mo. 361, ''the law favors uniformity, but uniformity can not be obtained except by the establishment of an inflexible rule.''

It was with knowledge of the decision, in *State ex rel. v. Manning*, 84 Mo. 661, that the legislature passed the act under consideration and we do not see how it could well have used language which would have expressed a purpose to designate a more definite term of office than it did by section 6090.

It is sufficient for us that the legislature was commanded by the constitution to provide for justices of the peace and the duration of their terms and that they have done so, but, if a reason for this statute was necessary, it is readily found in the importance to the public and the electors who have the right to select these magistrates that the time for electing them shall be absolutely certain.

That respondent was elected at the time when the law prescribes there should be an election in this magisterial district can not be doubted, and it can not alter his rights, whether we determine that Latshaw's appointment extended to the time of the qualification of respondent, or that it extended only to the November election in 1892, and that he was then elected until the general election in 1894. In either case the term of the office which he was filling expired at the November election, 1894, and as respondent was elected at that election he has the right to perform its duties and receive its emoluments.

These views are in harmony with the rulings of the highest courts of our sister states upon statutes and constitutions similar to the one under consideration. *State ex rel. v. Philips*, 11 S. Rep. 922; *State ex rel. v. Gardner*, 54 N. W. Rep. 606; *Opinions of Justices*, 64 Me. 595; *Whipper v. Reed*, 9 Richardson (S. C.) 5.

The numerous cases cited by counsel for relator refer to statutes or constitutions which only provided for the length of the incumbent's term without indicating a purpose to fix a definite term of office between

given dates and prescribing when the election therefor should be held, as section 6090 does.

The construction sought by relator for section 6096 would result in this: If his election in 1892 was good for a term of four years his term should end in 1896, but here we are confronted with section 6090 which only provides for an election in 1898 after the election in 1894, and as Latshaw, if properly elected in 1892, would be entitled to hold the office until his successor shall be elected and qualified and no successor can be elected or qualified until 1898 after 1894, by the positive terms of the statute, instead of four years he must have a term of six years. Courts in the construction of statutes have a right to inquire what effect any proposed construction will have. It is apparent that the lawmakers never intended any such result as must inevitably follow if relator's view is taken.

Counsel for relator argue that section 6096 required an election in 1892, but it does not follow that that section requires an election for four years. The four year term is the regular term and that section deals only with supplying vacancies. Now it is our duty to harmonize these sections if we can so that full effect may be given to each. If we keep in view that section 6090 is the only section providing for an election of justices in townships of this character and that it is the last expression of the legislative will, then the authority of the county court to fill a vacancy by section 6096 must be exercised so as not to conflict with section 6090, and the power to appoint until the next general election must be construed the next general election of county officers at which a justice of the peace can be lawfully elected under the provisions of section 6090. By so construing section 6090 both sections and every part of each can stand and be enforced and the construction

thus given will be consistent with the policy of our system in regard to all other officers in this state.

The premises considered, the writ of ouster is denied. SHERWOOD and BURGESS, JJ., concur.