STATE OF MISSOURI at the relation of MAX ASOTSKY, Relator, v. WILLIAM HICKS, Clerk of the County Court of Jackson County, at Kansas City.—142 S. W. (2d) 472.

Court en Banc, July 15, 1940.

*Charno & Drummond* for relator.

*Audley L. Vonck, Hilary A. Bush* and *Roger C. Slaughter* for respondent.

GANTT, J.—Original action in mandamus. Relator wants to be a candidate for justice of the peace, sixth district, Kaw Township,

Jackson County, Mo., on the democratic ballot at the primary election on August 6, 1940. The admitted facts follow:

Under Section 2136, Revised Statutes Missouri 1929, Gil. P. Bourk was elected justice of the peace for said district at the general election in November, 1938, for a term of four years. He served as such until March 3, 1940, on which day he died. On April 29, 1940, the county court of Jackson County appointed Claud C. Frazier justice of the peace for said district "until his successor be duly elected and qualified." On June 7, 1940, the county clerk of Jackson County refused to receive relator's declaration of candidacy for justice of the peace for said district. He did so on the theory that the appointment of Frazier was for the remainder of Bourk's four-year term. In this situation relator seeks relief by mandamus in this court. Frazier was appointed under Section 2140, Revised Statutes Missouri, 1929, which follows:

"When a vacancy occurs in the office of justice of the peace, the county court of the county in which such vacancy occurs may supply the same by the appointment of some person competent and qualified, who shall hold his office until the next general election of county officers, and until his successor is elected, commissioned and qualified."

This section presents no ambiguity. Under the section, an appointee to a vacancy in the office of justice of the peace holds only until the next general election of county officers. If so, a vacancy would exist in said office at the time of said election. Furthermore, under the section and by direct implication, an election is authorized, at said election of county officers, to fill a vacancy for the remainder of a four-year term. [18 Am. Jur., p. 243.] In this connection we direct attention to Laws of Mo. 1873, p. 43, as follows:

"1. In all cases of vacancy in any office, the length of the term of which is over two years, the vacancy shall be filled by the election of some person to the office at the first general election after such office becomes vacant.

"2. No appointment shall be made by the governor, or any other officer, to extend for a longer period of time, or beyond the next general election.

"3. At the next ensuing general election, after such vacancy, the qualified voters shall elect, as if for the regular term, some person to said office, to serve out the remainder of the unexpired term."

The above sections are Sections 101, 102 and 103 of Chapter 51, General Laws of Mo. 1877, supplement to the Wagner statutes of 1872. They do not appear in the revisions of 1879 and succeeding revisions. Even so, the omission from the revisions does not operate to repeal said sections. [Meriwether v. Overly, 228 Mo. 218, 129 S. W. 1; Bird v. Sellers, 122 Mo. 23, 26 S. W. 668.]

■ It is not contended that the above sections of the Laws of 1873, by implication, are repealed by Section 10216, Revised Statutes 1929. That section (10216) provides for the appointment of certain county officers by the Governor. The words "county officers," as used in said section, do not include justices of the peace. [Carpenter v. Roth, 192 Mo. 658, l. c. 669, 91 S. W. 540; Secs. 693, 2136, 2140, 10250, 12311, R. S. 1929.]

The county clerk cites State ex rel. v. Spitz, 127 Mo. 248, 29 S. W. 1011, and State ex rel. v. Smiley, 304 Mo. 549, 263 S. W. 825.

In the Spitz case Ganzhorn was elected justice of the peace in 1890. He resigned, effective January, 1892. The county court appointed Latshaw to fill the vacancy until the next general election in 1892. At said election Latshaw was elected and commissioned until the next general election of 1894. At the election of 1894 Spitz was elected and commissioned by the county court for four years. It was contended that Latshaw's election in 1892 was for a term of four years rather than for the unexpired term of Ganzhorn and for that reason the election of Spitz was void. We ruled that Latshaw was elected only for the unexpired term of Ganzhorn.

After ruling the only question presented by the record, we stated that the authority of the county court under Section 6096, Revised Statutes 1889 (2140, R. S. 1929) "to appoint until the next general election must be construed as the next general election of county officers at which a justice of the peace can be lawfully elected under the provisions of section 6090, Revised Statutes 1889," (2136, R. S. 1929). The statement is *obiter dicta* and beside the question presented in that case. Furthermore, in ruling the Spitz case we overlooked the enactment of 1873, which made provision for filling vacancies in office. The Smiley case is distinguishable on the facts.

■ Thus it appears that the county clerk of Jackson County must receive the relator's declaration of candidacy for the democratic nomination for justice of the peace, sixth district, Kaw Township, Jackson County, Missouri, unexpired term. Furthermore, he must include and print relator's name upon the official ballot for use at the voting precincts of said district in the August 6th primary election, 1940, in Jackson County, Missouri.

The alternative writ should be made peremptory. It is so ordered. All concur.