STATE OF MISSOURI at the Relation of BERNICE SCOBEE, Relatrix, v. ROY B. MERIWETHER, as Judge of the Tenth Judicial Circuit.— No. 40195.—200 S. W. (2d) 340.

Court en Banc, March 10, 1947.

Roy G. Hamlin and Clark, Boggs, Peterson & Becker for relatrix.

1218

*J. E. Taylor,* Attorney General, *Richard F. Thompson,* Assistant Attorney General, for respondent.

■ TIPTON, C. J.—This is an original proceeding in mandamus to compel respondent, as judge of the tenth judicial circuit of this state, to certify relatrix's salary as official court reporter of ■ that circuit in the amount due her under House Bill No. 293 of the 63rd General Assembly which became effective July 1, 1946.

Relatrix is the duly appointed, qualified and acting court reporter for the tenth judicial circuit. She was appointed January 2, 1943, for a term expiring December 31, 1946. This circuit has a population of more than 45,000 and less than 60,000 inhabitants, and under Section 13341, R. S. Mo., 1939, relatrix's annual salary was $2,500.00 at the time of her appointment. The salary was payable in equal monthly installments out of the county treasuries on certificates of the judge of the circuit, to be paid by the counties comprising the circuit and in proportion as the population of each bears to the entire population of the circuit.

Section 13341, supra, was repealed by the 63rd General Assembly and in lieu thereof a new section of the same number was enacted which raised the salaries of court reporters. Under this new statute relatrix's salary is $3,100.00 a year; otherwise, the new section is substantially the same as the old section.

Respondent has refused to certify to the county treasurer of Marion County the salary based upon the salary provided by the new statute. He denies that relatrix is entitled to the increase for the sole reason that an increase in her salary during her term of office is prohibited by Section 13, Article VII of the 1945 Constitution of this state. That section reads:

"The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended."

The sole question for our determination is whether a court reporter is either a state or county officer.

"It is not possible to define the words 'public office or public officer.' The cases are determined from the particular facts, including a consideration of the intention and subject-matter of the enactment of the statute or the adoption of the constitutional provision." Sate ex inf. McKittrick, Attorney General, v. Bode, 342 Mo. 162, 113 S. W. 2d 805, l. c. 806.

"It was to prevent persons while possessed of the prestige and influence of official power from using that power for their own advantage that the framers of our organic law ordained that salaries of public officers should not be increased during the terms of the persons holding such offices." Folk v. City of St. Louis, 250 Mo. 116, l. c. 135, 157 S. W. 71.

"Numerous criteria, such as (1) the giving of a bond for the faithful performance of the service required, (2) definite duties imposed by law involving the exercise of some portion of the sovereign

power, (3) continuing and permanent nature of the duties enjoined, and (4) right of successor to the powers, duties, and emoluments, have been resorted to in determining whether a person is an officer, although no single one is in every case conclusive. . . . Illustrative of what is meant by 'sovereignty of the state,' in the same opinion [State ex rel. Landis v. Board of Commissioners, 95 Ohio St. 157, 115 N. E. 919, 920] it is said: 'If specific statutory and independent duties are imposed upon an appointee in relation to the exercise of the police powers of the state, if the appointee is vested with independent power in the disposition of public property or with power to incur financial obligations upon the part of the county or state, if he is empowered to act in those multitudinous cases involving business or political dealings between individuals and the public, wherein the latter must necessarily act through an official agency, then such functions are a part of the sovereignty of the state.' '' State ex rel. Pickett v. Truman, Judge, 333 Mo. 1018, 64 S. W. 2d 105, 1. c. 106.

With the foregoing principles in mind, we now turn to the statutes relating to court reporters. Section 13339, R. S. Mo., 1939, provides for the appointment of a circuit court reporter by the circuit judge; specifies the reporter's qualifications, the term of his appointment, and that he shall be a sworn officer of the court; and provides for his removal for incompetency or any misconduct. Section 13340 defines the reporter's duties, and it reads:

▇▇▇ ''It shall be the duty of the official court reporter so appointed to attend the sessions of the court, under the direction of the judge thereof; to take full stenographic notes of the oral evidence offered in every cause tried in said court, together with all objections to the admissibility of testimony, the rulings of the court thereon, and all exceptions taken to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish to any person or persons a transcript of all or any part of said evidence or oral proceedings upon the payment to him of the fee hereinafter provided.''

Sections 13341, 13342 and 13343 provide for salaries of the reporters in various circuits of the state. Section 13344 relates to fees, and Section 13345 specifies when the reporter is to furnish duplicate copies of transcripts.

. The statutes of this state relating to court reporters do not invest them with any of the usual indicia of an officer. They do not require the giving of a bond. These statute do not delegate to them a portion of the sovereign power of government to be exercised for the benefit of the public. No powers are conferred upon the court reporter. He performs no independent duties, but attends court and takes notes of the oral testimony, exceptions taken and rulings thereon, and transcribes or causes his notes to be transcribed if the court or either party to the suit or action requests a transcript thereof. He

may be removed by the judge for incompetency or any misconduct. Section 13339, supra, provides that he is a sworn officer of the court, but this designation alone is insufficient to make him a public officer. Attorneys-at-law are officers of the court but they are not public officers.

It is true the statute says the judge of the circuit court shall appoint an official court reporter, but we think that in this instance if the statute had used the word "employ" instead of "appoint" the import would have been the same. Both terms convey the idea of selecting and entrusting with a duty. See Gracey v. St. Louis, 213 Mo. 384, 111 S. W. 1159; State ex rel. Pickett v. Truman, Judge, supra.

To sustain his position, respondent stresses the case of State v. Mitchell, 267 S. W. 873. During the trial of that case an objection was made to the court reporter's reading the transcript of notes he had taken during another trial. In overruling the objection we said, "The official stenographer of the circuit court is an officer of the state, charged with the duty of taking stenographic notes of oral evidence in cases tried, and with the duty of transcribing said notes." Respondent contends that the phrase, "an officer of the state," is equivalent to saying "a state officer." This question was discussed by the Supreme Court of the state of Washington in the case of State ex rel. Brown v. Blew, Auditor of Whitman County, 145 Pac. 2d 554, l. c. 556, and that court said:

"A number of cases from other jurisdictions have been cited in which the status of a court reporter was brought before the courts for determination and, while the statutes of the various states providing for the appointment of a court reporter are of similar import, there is a sufficient difference between them as to cause the courts, in construing and applying them, to refer to a court reporter as a 'public officer,' a 'local officer,' an 'officer of the court,' an 'officer,' a 'state officer,' an 'official of the court,' and an 'officer under the laws of this state.' A citation and analysis of each of these cases would serve no useful purpose because the respective courts did not discuss the question involved with reference to those elements and tests generally recognized in determining whether one is a public officer, and we have not found them of any substantial aid in reaching a decision in this case."

In the above case the supreme court of the state of Washington had before it the exact question that is before us in the instant case. The constitution and statutes of that state are almost identical with the constitution and statutes of this state, and that court ruled that "a court reporter is not a public officer, but is an employee designated as an officer of the court, and that the compensation to be paid can be lawfully ▆▆▆ changed by the legislature so as to be applicable to a court reporter serving when the act of 1943 became effective." L. c. 557.

1222

When the various elements of a public office and the characteristics of a public officer are considered in connection with our statutes dealing with an official court reporter, he is not a public officer but an employee and, therefore, relatrix is entitled to the increase in salary under House Bill No. 293 of the 63rd General Assembly on the effective date of that law.

It follows that respondent wrongfully refused to certify relatrix's salary under House Bill No. 293 of the 63rd General Assembly. Accordingly, it is ordered our peremptory writ of mandamus be issued. All concur.