STATE of Missouri ex rel. Scott O. WRIGHT, Prosecuting Attorney of Boone County, Missouri, Respondent,

v.

Don C. CARTER, Appellant.

No. 46924.

Supreme Court of Missouri,

En Banc.

Dec. 8, 1958.

Rehearing Denied Jan. 12, 1959.

Warren D. Welliver, Columbia, William E. Kemp, Kansas City, for defendant-appellant. Alexander, Welliver & Wayland, Columbia, Kemp, Koontz, Clagett & Norquist, Kansas City, of counsel.

Scott O. Wright, Pros. Atty. of Boone County, Columbia, for respondent.

STORCKMAN, Judge.

This is a proceeding to recover a penalty under §§ 129.110 to 129.130 RSMo 1949, V.A.M.S. which are a part of what is commonly referred to as the Corrupt Practices Act. The action, brought at the relation of Scott O. Wright, Prosecuting Attorney of Boone County, Missouri, against the defendant, Don C. Carter, a member of a county committee of a political party, sought to impose the penalty upon the defendant for his failure to file a statement of campaign expenses in connection with his election as such committeeman. The court directed a verdict in favor of the relator and the jury assessed a penalty of $50. The defendant appealed to the Kansas City Court of Appeals where the judgment was affirmed in an opinion reported in 311 S.W.2d 580. The defendant-appellant's alternative motion to transfer was sustained by the Kansas City Court of Appeals and the cause was transferred to this. court.

■ The cause is before us for determination, the same as an original appeal. Art. V, § 10, Constitution of Missouri 1945, V.A. M.S.; Supreme Court Rule 2.06, 42 V.A. M.S. The essential facts are not in dispute. Mr. Carter, a lawyer residing in Boone County, had served as a member of the Boone County Democratic Central Committee as a committeeman from Bourbon Township for nine years. On February 28, 1956, he filed his declaration with the county clerk of Boone County as a candidate for reelection at the primary election to be held on the first Tuesday in August, 1956. His name was included with other candidates in the notice of the primary election, which was published as provided by law and his name appeared on the official ballot. He was unopposed and the canvass of the votes cast showed that he received 360 votes. A copy of the canvass of votes, certified by the county clerk of Boone County, was furnished both to the chairman of the Democratic Party and the chairman of the Republican Party, pursuant to § 120.510. The defendant Carter met with the Democratic County Committee when it organized on the third Tuesday in August, 1956, and has since continued to serve on the Committee.

The defendant did not pay a filing fee since none was required, and he testified that he had no expenses in connection with the campaign. Fred W. Glascock, clerk of the County Court of Boone County, testified that he did not issue a certificate of election to Mr. Carter, and Mr. Carter testified that no officer of Boone County or of the State of Missouri issued him a certificate of election as a consequence of the August primary of 1956. It was admitted that the defendant did not file any statement of campaign expenditures.

The relator contends that the defendant was a candidate for a "county" office within

the scope and purview of § 129.110 and as such was required to file a statement of campaign expenditures, and that for his failure to do so, he is liable to penalties provided by §§ 129.120 and 129.130. The relator relies primarily upon the cases of State ex rel. Ponath v. Hamilton, Mo., 240 S.W. 445; State ex rel. Dawson v. Falkenhainer, 321 Mo. 1042, 15 S.W.2d 342; State ex rel. Kaysing v. Ryan, 334 Mo. 743, 67 S.W.2d 983; and Noonan v. Walsh, 364 Mo. 1169, 273 S.W.2d 195. In these cases it was held that a party committeeman had the right as a county officer to contest elections because the office of party committeeman was in the nature of a public office within the meaning of the statute regulating the contest of elections. The statute involved, now § 124.250, provides: "The several circuit courts shall have jurisdiction in cases of contested elections for county, municipal and township offices * * *."

The statutes here in question, with immaterial parts deleted, are:

"129.110. Statement of moneys expended to be made, filed—penalty for failure Every person who shall be a candidate * * * at any primary election, or at any election for any state, county, city, township, district or municipal office, or for senator or representative in the General Assembly of Missouri, or for senator or representative in the Congress of the United States, shall, within thirty days after the election * * * make out and file with the officer empowered by law to issue the certificate of election to such office or place, * * * a statement in writing, * * * setting forth in detail all sums of money, * * * contributed, disbursed, expended or promised by him, * * * in connection with his nomination or election to such office or place, * * *. No officer authorized by law to issue commissions or certificates of election shall issue a commission or certificate of election to any such person until such statement shall have been so made, verified and filed by such persons with said officer."

"129.120. Failure to file statement, punishable by fine Any person failing to comply with the provisions of section 129.110 shall be liable to a fine not exceeding one thousand dollars, * * *."

"129.130. Person failing to file denied office No person shall enter upon the duties of any elective office until he shall have filed the statement and duplicate provided for in section 129.110, nor shall he receive any salary or any emolument for any period prior to the filing of the same."

■ The Corrupt Practices Act, of which §§ 129.110 to 129.130 are a part, is penal in nature and should be strictly construed. State ex inf. Burgess ex rel. Hankins v. Hodge, 320 Mo. 877, 8 S.W.2d 881, 884; State ex rel. Crow v. Bland, 144 Mo. 534, 46 S.W. 440, 41 L.R.A. 297. When we say a statute should be strictly construed we generally mean that it can be given no broader application than is warranted by its plain and unambiguous terms. City of Charleston ex rel. Brady v. McCutcheon, 360 Mo. 157, 227 S.W.2d 736, 738 [2]; State ex rel. Crow v. Bland, supra. Can it be reasonably said that these sections are plain and unambiguous as regards an intent to include party committeemen within their terms? We do not think so.

It has been aptly said that it is not possible to define the words public office and public officer. State ex rel. Scobee v. Meriwether, 355 Mo. 1217, 200 S.W.2d 340, 341 [1]. The same difficulties lie in the way of giving the words "county office" a comprehensive definition. For example, it has been held that the probate judge is not a county officer within the meaning of a constitutional provision authorizing the General Assembly to regulate the fees of county officers. State ex rel. Buchanan County v. Imel, 242 Mo. 293, 146 S.W. 783, 784 [1]; Greene County v. Lydy, 263 Mo. 77, 172 S.W. 376. In State ex rel. Asotsky v. Hicks, 346 Mo. 640, 142 S.W.2d 472, 474 [3], it was held that justices of the peace were not county officers within the meaning

of the statute providing for the filling of vacancies by appointment of the governor. In State ex rel. Dodd v. Dye, Mo.App., 163 S.W.2d 1055, 1058 [3], it was held that judges of the county court elected from districts were not county officers within the meaning of the statute providing for filing fees of county officers, and the Springfield Court of Appeals concluded that the word county officer as used in the section in question " * * * can only mean those officers whose official functions and duties are county wide in character and whose election districts are coextensive with the boundaries of the county." The official court reporter of a circuit court was held not to be a county or state officer within the meaning of a statute prohibiting an increase in salary during his term. State ex rel. Scobee v. Meriwether, supra.

In the Ponath and other cases upon which the relator relies, the question involved was whether the benefits of § 124.-250 should be extended to party committeemen by a construction that they performed functions in the nature of public officers. Even if that were the sole question involved in this case, we would have doubts that the Ponath and other cases were controlling because of the penal nature of §§ 129.110 to 129.130. But that is not all. There are other incongruities in these three sections which are persuasive that the General Assembly did not intend them to apply to party committeemen.

■ Section 129.110 grants a period of thirty days after the election within which to file the statement and § 129.130 provides that no person shall enter upon the duties of his office until he shall have filed such statement. On the other hand, § 120.800 provides that the county committee shall be composed of the committeemen and committeewomen elected at the August primary and that they shall meet at the county seat and organize "on the third Tuesday in August of the year in which the primary election is held, * * *." Thus it would appear, if § 129.110 applies, committeemen would be limited to fourteen days instead of thirty within which to file their statements of expenditures. Otherwise, they would not be qualified to perform the duties of their office. Section 129.130. We do not think it is a judicial function to read such an alteration or exception into a statute, especially one which is also ambiguous in other respects. State on Information of Dalton v. Dearing, 364 Mo. 475, 263 S.W.2d 381, 385 [2].

There is other descriptive material in the statutes which do not characterize or fit the office of committeemen of a political party. Section 129.110 provides that no officer authorized by law to issue commissions or certificates of election to any person shall issue a commission or certificate until such person shall file his statement of expenditures. No certificate was issued in this case. We find no statute requiring a committeeman to have a commission or certificate of election in order to qualify, but the relator contends that the clerk of the county court is authorized to issue a certificate of election to a successful candidate for a committee post by virtue of §§ 111.710 and 120.640. This begs the question, however, in that we would first have to construe one of the offices mentioned in § 129.110 to be applicable to the defendant. It does not answer the question of whether it is necessary for a committeeman to have a commission or certificate in order to qualify. Further the statutes seem to contemplate a person who was a candidate for an office having salary or emoluments. Section 129.130. This descriptive matter is hardly applicable to the office of committeeman of a political party.

■■ The basic rule of statutory construction is first to seek the intention of the lawmakers and, if possible, to effectuate that intention. Laclede Gas Company v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832, 835 [2]. The court should ascertain the legislative intent from the words used if possible and should ascribe to the language used its plain and rational meaning. A. P. Green Fire Brick Co. v. Missouri State Tax Commission, Mo., 277 S.W.2d

544, 545 [3]; Tiger v. State Tax Commission, Mo., 277 S.W.2d 561, 564 [2]. In construing a statute, significance and effect should be given to every word, every phrase, sentence, and part thereof, and words and phrases may be stricken or disregarded only in extreme cases. State ex rel. Smith v. Atterbury, 364 Mo. 963, 270 S.W.2d 399, 404 [4].

In determining the intent and meaning of the words, county office, as used in this statute, the words must be considered in their context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words. State ex rel. McKittrick v. Carolene Products Co., 346 Mo. 1049, 144 S.W.2d 153, 156 [4]; State ex rel. Major v. Ryan, 232 Mo. 77, 133 S.W. 8, 14 [2].

Applying these rules of construction and having in mind that this is a penal statute, we can only conclude that the office of committeeman of a political party is not within the purview of §§ 129.110 to 129.130.

While the question involved is strictly one of Missouri law and its solution depends upon the particular language of the statutes, it is of interest to note our conclusion is consistent with what appears to be the weight of authority in other jurisdictions. In 18 Am.Jur., Elections § 238, pages 338–339, it is stated: "As a general rule, statements are required to be filed only by candidates for public offices. Thus, it has been held that filings need not be made by candidates for membership in party committees, to be elected at a primary election, for such persons are not candidates for public offices." In 29 C.J.S. Elections § 86, subd. a, page 115, there is this statement: "A statute requiring candidates for public office to file statements of their expenses does not apply to members of party committees elected at a primary election."

Our conclusion that the statute does not apply to members of a party committee renders unnecessary our consideration of other allegations of error presented by the appellant.

The judgment is reversed.

All concur.