Dear Ms. Hackwood:
This opinion is in response to your request which states:
 Section 104.515(12) provides that the State will contribute $1.50 to the Missouri State Medical Care Plan per individual employed as a special consultant by the Board of Trustees of the Missouri State Employees' Retirement System. The statute, however, does not indicate the frequency of the $1.50 contribution.
Subsection 12 of Section 104.515, RSMo Supp. 1982, became effective June 1, 1982. It provides that:
 Each special consultant employed by a board of trustees of a retirement system as provided in section 104.610 who is a member of the Missouri state medical plan or Missouri state highway department and Missouri state highway patrol medical and life insurance plan, shall, in addition to duties prescribed in section 104.610 or any other law, and upon request of the board of trustees, give the board, orally or in writing, a short detailed statement on physical, medical and health problems affecting retirees. As compensation for the extra duty imposed by this subsection, each such special consultant shall receive, in addition to all other compensation provided by law, the sum of one dollar fifty cents contributed toward hospital, surgical and medical insurance benefits.
The basic rule of statutory construction is first to seek the intention of the lawmakers and, if possible, to effectuate that intention. State v. Carter, 319 S.W.2d 596, 599 (Mo. banc 1958). In determining the intent and meaning of the statute, the words used in the statute must be considered in their context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words. Id. at 600. See also Eureka Fire ProtectionDistrict v. Hoene, 623 S.W.2d 79, 83 (Mo.App. 1981) [one section of a statute must be read in pari materia with other related provisions]. Accord, State ex rel. Ashcroft v. Union ElectricCompany, 559 S.W.2d 216, 221 (Mo.App. 1977).
In addition, the legislature is presumed to intend logical and reasonable results, and it is further presumed that the legislature did not intend unreasonable consequences. See Wilsonv. McNeal, 575 S.W.2d 802, 811 (Mo.App. 1978). Words are not to be supplied, inserted or read into a statute unless there is an omission plainly indicated and unless the statute as written is incongruous, unintelligible, or leads to absurd results. Stateex rel. May Department Stores Company v. Weinstein, 395 S.W.2d 525,527 (Mo.App. 1965).
Considering these basic canons of statutory construction, we are of the opinion that the legislature intended the contribution mentioned in Section 104.515.12 be made monthly. We believe that the words "per month" were inadvertently omitted from the statute. Inclusion of these words is necessary to render the statute logical and consistent. In addition, another section of the statute in question refers to a similar contribution by the state as a "per month per employee" contribution. See Section 104.515.5.
CONCLUSION
It is the opinion of this office that Section 104.515.12, RSMo Supp. 1982, provides that the state shall contribute $1.50 per month to the Missouri State Medical Care Plan for each individual employed as a special consultant by the Board of Trustees of the Missouri State Employees' Retirement System.
Very truly yours,
 JOHN ASHCROFT Attorney General