Dear Senator Banks:
This opinion is in response to your question asking:
 Is a private physician who furnishes medical services to a facility of the Division of Family Services for four hours a week "holding any other office or employment under the state of Missouri" within the meaning of section 191.400, RSMo 1986?
The statute which you cite establishes the State Board of Health which consists of seven members appointed by the Governor with the advice and consent of the Senate. Subsection 1 of Section 191.400, RSMo 1986, provides in part:
 "No member of the state board of health shall hold any other office or employment under the state of Missouri."
According to information we have been provided, the situation which your opinion request addresses is one in which the physician in question has consulted since the early 1960s for approximately three or four hours per week with the Division of Family Services personnel, assisting them in disability determinations on permanent total disability programs, supplemental security income programs, and aid to families with dependent children. The Division pays the physician as a part-time unclassified employee.[1] The question is whether this relationship constitutes "holding any other office or employment under the state of Missouri."
Since the Division of Family Services is an agency of the state of Missouri, Section 660.010.3, RSMo 1986, it is evident that, if the physician's relationship can be characterized as holding "office" or "employment", there is a violation of Section 191.400.1.
The words "office or employment" when used to refer to government service have a very broad meaning. The legislature used both "office" and "employment" because there is a distinction in government service between the two. An officer has duties involving in some part the independent exercise of the sovereign power while an employee's duties do not. Stateex rel. Hull v. Gray, 91 Mo.App. 438, 443-445 (K.C. Ct.App. 1902) (city hall engineer was an employee of the city, not a public officer); Aslin v. Stoddard County, 341 Mo. 138,106 S.W.2d 472, 475 (1937) (janitor of county court house was employee, not a public officer); and State ex rel. Scobee v.Meriwether, 355 Mo. 1217, 200 S.W.2d 340, 342-343 (Mo. banc 1947) (official court reporter was an employee and not a public officer under Article VII, Section 13, Missouri Constitution 1945). As more recently expressed:
 "A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer. . . [citation omitted]. That portion of the sovereign's power delegated to the officer must be exercised independently, with some continuity and without control of a superior power other than the law." State ex rel. Eli Lilly and Company v. Gaertner, 619 S.W.2d 761, 764 (Mo.App. 1981).
Under the above authorities, the consulting physician would not be an officer of the state.
It is not necessary to decide whether the physician-consultant is an employee under the common law test[2] or is an independent contractor since the term "employment" includes not only the common law employee relationship but also the rendering of services for another or the transacting of one's own business. State v. Canton, 43 Mo. 48, 51 (1868). The term, therefore, includes a "profession followed or practiced independently". Clark v. Dunham, 179 S.W. 795, 797 (K.C. Ct.App. 1915). In that case, the court held that the term "employment" (as used in a petition for damages by a plaintiff suffering personal injuries at the hand of the defendant and who claimed he had lost wages in his "employment") included the practice of dentistry whether practiced independently or as a paid assistant to another. This office, when interpreting the term "employment" in Article III, Section 12, Missouri Constitution 1945 ("No person holding any . . . employment under . . ., this state or any municipality thereof shall hold the office of senator or representative.") has held that the term includes the rendering of legal services by an attorney in private practice under contract to a governmental entity. See
Opinion Letter No. 355, Salveter, 1969 and Opinion No. 13-87, a copy of each is enclosed.
The phrase "holding any other office or employment" has, therefore, a broad meaning including not only state officers but also those who render professional services to the state for compensation whether those services are rendered as a common law employee or as an independent contractor.
CONCLUSION
It is the opinion of this office that a private physician who, for compensation, furnishes medical consultant services to a facility of the Division of Family Services for three or four hours a week is "holding any other . . . employment under the state of Missouri" within the meaning of Section 191.400, RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 355, Salveter, 1969 Opinion No. 13-87
[1] The "unclassified" status is pursuant to the rule promulgated by the Personnel Division of the Office of Administration, 1 CSR 20-1.040(2).
[2] As held by the court in Davis v. Human DevelopmentCorporation, 705 S.W.2d 540, 542 (Mo.App. 1985): "We are not convinced by respondent's argument that appellant was an employee of HDC, which argument is based solely on the fact that appellant was paid out of the indirect cost budget of HDC. The determination of whether someone is an employee is generally based on who exercises the `right of control.' This right is affected by such things as the `extent of control, actual exercise of control, duration of employment, right to discharge, method of payment for services, furnishing of equipment, whether the work is part of the regular business of the employer, and the contract of employment, none of which is in itselfcontrolling, but each may be considered relevant to theissue.' Howard v. Winebrenner, 499 S.W.2d 389, 395 (Mo. 1973) (Emphasis added.)"