James R. Moody Commissioner of Administration P.O. Box 809 Jefferson City, Missouri 65102
Dear Commissioner Moody:
This opinion is in response to your question asking:
 Does the "seat of government" and its grounds include all state owned buildings and property within the City of Jefferson, Missouri, for purposes of 8.035 RSMo 1986?
 If not, what facilities are included in that term?
On the opinion request form you submitted, you state:
 State owned property and buildings have expanded throughout the city limits of Jefferson. The Office of Administration has been asked by the Missouri Departments of Agriculture, Revenue, and the Highway and Transportation Commission to provide law enforcement services to their agencies at all locations in Jefferson City.
 As a response to recent criminal activity which occurred at the State Agency for Surplus Property, the Office of Administration began patrolling the grounds of this agency.
 Except for patrolling the grounds at Surplus Property, the Office of Administration is limiting its law enforcement activities to the Capitol, the Jefferson Building, the Highway and Transportation Building, the Governor's Mansion, the Lohman's Landing facilities, the Supreme Court Building, the Broadway Building, the parking garages at the northeast and northwest corners of the Capitol, the EDP and Health Lab Buildings, the State Information Center now under construction, the Highway and Transportation garage, and all associated grounds and parking lots.
Section 8.035, RSMo 1986, provides:
 8.035. Capitol guards and watchmen, how employed, oath, peace officer powers. — The commissioner of administration may employ guards and watchmen required at the seat of government within the limits of the appropriation. Each guard and watchman employed, before entering on his duties, shall take and subscribe an oath of office to perform his duties faithfully and impartially, and shall be given a certificate of appointment, a copy of which shall be filed with the secretary of state, granting him the same powers now held by other peace officers to maintain order, preserve the peace and make arrests in the buildings at the seat of government and on the grounds thereof. [Emphasis added.]
In State ex rel. Lemon v. Langlie, 273 P.2d 464
(Washington 1954), the Supreme Court of the State of Washington considered the meaning of the phrase "seat of government." That court stated:
 We point out at the outset that this court is not concerned with the wisdom or desirability of maintaining these state offices either in Seattle or Olympia. We have nothing to do with any considerations of policy, efficiency, economy or public convenience. Our function is solely to interpret the provisions of the state constitution which bear upon the authority of respondents (other than the Governor) to act in the premises. The problem presented is purely a question of constitutional law.
 In order to decide whether the offices of the thirteen state agencies must be maintained at the "seat of government," we should inquire first what the phrase "seat of government" means.
 The brief of the Attorney General in behalf of the heads of the thirteen state agencies defines the phrase "seat of government" by quoting Webster's New International Dictionary, 2nd ed., as follows:
 "A place, especially a city, from which authority is exercised; capital; as, a seat of government."
 In their brief the taxpayers accept the definition relied upon by respondents and assert that the facts in this case disclose that the city from which a portion of executive authority of the state is being exercised by these thirteen agencies is Seattle, not Olympia, the capital city.
Id., at 471.
The court concluded that certain executive agencies required by the state constitution to be located at the "seat of government" should be maintained in Olympia, the state capital, rather than in Seattle. From the discussion by the court in this case, it is evident the court considered the phrase "seat of government" to refer to the capital city. Applying the reasoning in that case to the question you have posed leads to the conclusion that "at the seat of government" in Section 8.035 refers to property located in the City of Jefferson, rather than only property located near the State Capital Building.
Article III, Section 39(8) of the present Missouri Constitution provides the General Assembly shall not have the power to remove "the seat of government from the City of Jefferson." This provision is consistent with provisions in earlier Missouri Constitutions dealing with this subject. For example, Article XI, Section X of the 1865 Missouri Constitution stated: "The seat of government of this state, shall remain at the City of Jefferson." This constitutional language referring to the "seat of government" and the "City of Jefferson" lends further support to the conclusion that "at the seat of government" in Section 8.035 refers to property located in the City of Jefferson.
This office in prior opinions has considered the meaning of the phrase "seat of justice" or "county seat" as it applies to counties, Opinion No. 88, Seier, 1971, and Opinion No. 146, Brant, 1976. A copy of each is enclosed. In these opinions, this office indicated "county seat" referred to any place within the city limits of the city designated as county seat. These opinions dealing with counties are consistent with concluding "at the seat of government" in Section 8.035 refers to property located in the City of Jefferson.
Section 8.035 refers to guards and watchmen maintaining order, preserving the peace and making arrests in the buildings
at the seat of government and on the grounds thereof.
[Emphasis added.] In determining intent and meaning of words as used in a statute, words must be considered in their context, and sections of statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of words. State ex rel. Wright v. Carter,319 S.W.2d 596, 600 (Mo. banc 1958). In construing the terms "buildings" and "on the grounds thereof" in Section 8.035, such terms must be considered in context. Section 8.010, RSMo 1986, refers to the board of public buildings having general supervision and charge of the public property of the state at the seat of government. We conclude that Section 8.035 refers only to buildings and the grounds thereof which are the public property of the state.
CONCLUSION
It is the opinion of this office that "buildings at the seat of government and on the grounds thereof" in Section 8.035, RSMo 1986, refers to public property of the state located in the City of Jefferson.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 88, Seier, 1971 Opinion No. 146, Brant, 1976