**STATE of Missouri, Respondent,**

v.

**Jason BAXTER, Appellant.**

**No. ED 91201.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 2009.

Application for Transfer to Supreme Court
Denied April 20, 2009.

Application for Transfer Denied
June 30, 2009.

---

Michael A. Gross, St. Louis, MO, for Appellant.

Chris Koster, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Jason Baxter ("Defendant") appeals the trial court's judgment and sentence after a

jury found him guilty of attempt to entice a child and attempt to furnish pornographic material to a minor, and sentenced him to five years in prison. We affirm.

## I. BACKGROUND

Defendant is a 28–year–old married man with daughters ages five and seven. This case arises out of Defendant's online chats with undercover police officer Erica Stough ("Stough"). Stough is a Maryland Heights police officer and a detective for the Internet Crimes Against Children Task Force ("ICAC"). In preparation for her work with ICAC, Stough attended several training sessions. The sessions provided guidelines for detectives to follow while chatting online, and taught them how to avoid an entrapment issue. In her work for ICAC, Stough enters online chat rooms disguised as an adolescent male or female and waits for subjects in the chat room to initiate a conversation with her.[1]

Defendant first contacted Stough in a Yahoo chat room on July 18, 2006 when she was posing as a 14–year–old girl named "Kayla." Stough told the Defendant that she was 14 years old. The two chatted on three different days, and the Defendant frequently talked about sex. The Defendant expressed to "Kayla" early in their conversations that he was too old for her, but continued chatting about sexual topics with her nonetheless. Defendant and "Kayla's" third and final chat took place on August 1, 2006. Stough admitted at trial that Defendant did nothing illegal when she was posing as "Kayla."

Defendant's second series of contacts with Stough gave rise to the present case. These conversations began on August 4, 2006 when Defendant instant messaged Stough while she was posing as a different 14–year–old girl named "Brianna." "Brianna" also told Defendant she was 14. The two chatted for five days spanning August 4 through August 10, 2006. As to the content of their conversations, it suffices to say that Defendant frequently talked with "Brianna" about sex and often discussed sexual acts he would like to engage in with her. On one occasion Defendant emailed "Brianna" two pornographic videos featuring him masturbating. Their chats culminated on August 10 when Defendant and "Brianna" arranged to meet at Vago Park in Maryland Heights on Defendant's lunch hour. Maryland Heights police officers arrested Defendant when he arrived at the Park.

The jury found Defendant guilty of attempting to furnish pornographic material to a minor and attempting to entice a child. Defendant appeals.

## II. DISCUSSION

In his first point on appeal, Defendant argues that the trial court erred in denying his request for a mistrial after Stough referred to him as a "pedophile" on cross-examination. We disagree.

We review a trial court's refusal to grant a mistrial for an abuse of discretion. *State v. Mayfield,* 220 S.W.3d 422, 424 (Mo.App. E.D.2007).

"Ordinarily, the trial court acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial." *State v. McCrary,* 900 S.W.2d 227, 233 (Mo.App. W.D.1995), overruled on other grounds by *State v. Withrow,* 8 S.W.3d 75 (Mo. banc 1999). Regarding inadmissible testimony inadvertently elicited from a witness, if the trial court takes remedial

---

**1.** At the time of trial, Stough testified that she currently had thirteen different profiles, ranging from ages 12 to 14. Nine of the 13 profiles were female aliases.

action rather than granting a mistrial, the reviewing court must only determine whether "the error was so prejudicial that the action of the trial court did not remove the prejudicial effect, as a matter of law." *State v. Harris*, 949 S.W.2d 102, 105 (Mo. App. W.D.1997).

When Defense counsel cross-examined Officer Stough about her participation in arranging the meeting with Defendant, the following exchange took place:

[Defense Counsel]: And that's the whole thing, you've got to get them to come out and meet you; is that correct?

[Officer Stough]: Yes. When they want to have sex with a 14–year–old.

[Defense Counsel]: There would be no need for the Internet Crimes Against Children unit if you couldn't get anybody to come out and meet you; isn't that correct?

[Officer Stough]: No, there are still pedophiles out there, besides him.

Defense counsel immediately requested that the comment be stricken from the record and asked for a mistrial. The trial court sustained the request to strike and asked the jury to disregard the comment, but denied the mistrial request.

On appeal, Defendant argues that the trial court erred in refusing to grant a mistrial because he could not have received a fair trial after Stough referred to him as a pedophile. Defendant contends that pedophile is a "loaded word" which indicated to the jury that he had a "systematic interest in sexual offenses with child victims." Defendant urges that the evidence against him was "surely offensive but hardly insuperable," and therefore it is more likely that this single comment prejudiced the jury against him.

A review of the record reveals that Stough's remark did not prejudice the De-

fendant. The trial court told the jury to disregard the comment, and when Defense counsel resumed cross-examination of Stough he clarified for the jury that Defendant had no history of sex offenses. More importantly, the jury heard hours of admissible testimony regarding Defendant's lascivious conversations with "Brianna," a girl who presented herself to him as a 14–year–old. Likely even more damaging to Defendant's case were the videos played to the jury of Defendant masturbating. Defendant had made the videos while he was at work and sent them, unsolicited, via email to "Brianna." We do not believe that Stough's singular reference to Defendant as a "pedophile" prejudiced him, or prevented him from receiving a fair trial. Thus, the trial court did not abuse its discretion in refusing to grant Defendant's request for a mistrial. Point denied.

In his second point on appeal, Defendant argues that the trial court erred in refusing to consider a suspended imposition of sentence ("SIS") and probation as an alternative to imprisonment under Section 566.151 RSMo Cum. Supp. 2007.[2] We disagree.

Section 566.151.3 states that attempt to commit enticement of a child constitutes a felony, "for which the authorized term of imprisonment shall be not less than five years and not more than thirty years." The Section further provides that "[n]o person convicted under this section shall be eligible for parole, probation, conditional release, or suspended imposition or execution of sentence for a period of five calendar years."

Defendant asserts that a jury's returning a guilty verdict is not a conviction and therefore he had not yet been convicted under the statute at the time of sen-

---

**2.** Unless otherwise noted, all further statutory citations are to RSMo Cum. Supp. 2007.

tencing. Because the statute mandates a five-year prison term only for a "person convicted," Defendant argues it does not preclude an SIS and probation for a first-time offender. In the alternative, Defendant argues that the statute is ambiguous and therefore the principle of lenity dictates that it be construed in his favor. In either scenario, Defendant argues that the trial judge abused his discretion by refusing to consider an SIS and probation.

Statutory interpretation is a question of law that an appellate court reviews de novo. *State v. Barnes*, 245 S.W.3d 885, 894 (Mo.App. E.D.2008).

■ No Missouri case law addresses the sentencing requirements of the current version of Section 566.151. In the absence of guiding case law or other authority, the primary rule of statutory construction is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005). "In determining the intent and meaning of statutory language, 'the words must be considered in context and sections of the statute in pari materia,[3] as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words.'" *State v. McLaughlin*, 265 S.W.3d 257, 267 (Mo. banc 2008) (quoting *State ex rel. Wright v. Carter*, 319 S.W.2d 596, 600 (Mo. banc 1959)).

■ Defendant's interpretation of the sentencing requirements is erroneous when the statute is considered in conjunction with Section 559.100. Section 559.100 grants the circuit courts the power to place an offender on probation or parole. Sub-

section one of that section states in pertinent part, "[t]he circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction, except as otherwise provided in ... [RSMo Section] 566.151." Section 559.100.1. Sections 559.100 and 566.151 were revised simultaneously, and both revisions took effect in July 2006.

Thus, the language of Section 559.100 clearly shows that the legislature intended that violators of Section 566.151 would not be eligible for an SIS or probation for at least five years. This interpretation is further supported by the Missouri Sentencing Advisory Commission, which lists Section 566.151 among those offenses that prohibit probation for a certain period of time. http://www.mosac.mo.gov (follow 2007–2008 User Guide).

■ Finally, "the sentencing decision is wholly within the discretion of the trial judge." *Hutchison v. State*, 150 S.W.3d 292, 300 (Mo. banc 2004). Here, the trial judge sentenced Defendant within the range of punishment prescribed by the statute, and in fact gave him the minimum permissible sentence. For the foregoing reasons, the trial court did not err in refusing to consider an SIS and probation. Point denied.

■ In his third point on appeal, Defendant argues that the trial court erred in sentencing him to five years imprisonment under amended Section 566.151 because the statute was not proper emergency legislation, and therefore the amended version of the statute was not yet in effect at the time of his offense. We disagree.

House Bill 1698 ("H.B. 1698"), which amended Section 566.151 as well as other

---

**3.** Used as an adjective, "in pari materia" means on the same subject or relating to the same matter. When used as an adverb it means loosely or in conjunction with. *Black's Law Dictionary* (8th ed.2004).

sex offender-related laws, contained an emergency clause and took effect on June 6, 2006 when the Governor signed it. *See* Mo. Const. art. III, § 29. The State charged that Defendant violated the revised version of the statute on August 10, 2006.

Defendant argues that H.B. 1698 was improper emergency legislation because the legislature failed to make the requisite findings that it was enacted in response to an emergency. Consequently, Defendant claims the amended Section 566.151 did not take effect until August 24, 2006, ninety days after adjournment of the session in which it was enacted. Since he violated the statute 14 days prior to that date, Defendant argues that he must be sentenced under the previous version of Section 566.151, which provided for a maximum of four years imprisonment. Defendant argues that the revised Section 566.151, as applied to him, is an unconstitutional ex post facto law in violation of article I, section 13 of the Missouri Constitution.

 The legislative declaration of an act as an emergency measure is entitled to great weight, but is not conclusive. *Osage Outdoor Adver., Inc. v. State Highway Comm'n of Mo.,* 687 S.W.2d 566, 569 (Mo. App. W.D.1984). The courts possess the final authority to determine whether an emergency in fact exists. *Id.* "The test of whether an emergency exists is whether the factual situation is such that there is actually a crisis or emergency which requires immediate action for the preservation of the public peace, property, health, safety, or morals." *Id.*

Section 566.151 was properly enacted as emergency legislation and therefore is not an ex post facto law as applied to Defendant. Defendant has not cited any case law wherein a Missouri court has held an emergency clause to be improper when attached to *criminal* legislation. Here, the legislature declared H.B. 1698 to be necessary in order to "protect Missouri citizens from sexual offenders." We are mindful of the "great weight" that the judiciary owes to a legislative declaration of an act as emergency, and Defendant has not presented any facts that would cause us to believe there was no emergency here. Point denied.

## III. CONCLUSION

The judgment is affirmed.

LAWRENCE E. MOONEY, and GEORGE W. DRAPER III, JJ., concur.